HOLDEN ARBORETUM, APPELLEE, *v.* CITY OF KIRTLAND ET AL., APPELLANTS.

(No. 9-224—Decided July 2, 1984.)

*Barry N. Byron,* for appellee.
*Charles E. Coulson,* for appellant.

COOK, P.J. On December 17, 1981, the Lake County Court of Common Pleas permanently enjoined appellants, the city of Kirtland and Richard Martinent, Kirtland Finance Director, from enforcing an admission tax ordinance against appellee, the Holden Arbore-

tum. In its findings of fact and conclusions of law, which were incorporated into its judgment entry, the court concluded appellants' discriminatory policy of enforcement of the tax against appellee violated appellee's constitutional rights to equal protection of the laws and due process of law. No appeal was taken by appellants from the court's judgment.

On May 21, 1983, appellee filed an application for an award of attorney fees based upon Sections 1983 and 1988, Title 42, U.S. Code. A hearing was held on the application and written briefs were submitted to the court. On December 1, 1982, the court awarded appellee the sum of $31,220.32 as attorney fees.

Appellants have appealed the judgment of the trial court granting appellee attorney fees and have filed the following assignment of error:

"The trial court erred to the prejudice of Appellants when it awarded attorney fees to Appellee."

The assigned error is well-taken.

In support of their assignment of error, appellants present seven issues for review. The issues are divided into two categories, issues two, three and four pertaining to the court's earlier judgment on the merits, and issues one, five, six and seven pertaining to the court's award of attorney fees to appellee, which judgment entry is the subject of this appeal.

In issues two, three and four, appellants contend (1) no claim for violation of a constitutional right was made prior to post-hearing briefs; (2) the court abused its discretion when it allowed appellee to amend its complaint pursuant to Civ. R. 15(B) to conform to the evidence, thus asserting a violation of appellee's civil rights; and, (3) the court lacked jurisdiction over Section 1983,

Title 42, U.S. Code claims. Since these three issues could have been raised upon appeal of the court's judgment on the merits, but no appeal was taken from said judgment, they cannot be raised in the instant appeal because of the doctrine of *res judicata.*

Issues one, five, six and seven pertain to the judgment which awarded appellee attorney fees which judgment has been appealed to this court. In these issues, appellants contend (1) the trial court had no jurisdiction of a request for attorney fees because the underlying litigation was not to enforce a Section 1983, Title 42, U.S. Code claim and because the awarding of attorney fees after judgment was entered on the merits was barred by the doctrine of "res judicata"; (2) the court abused its discretion under Section 1988, Title 42, U.S. Code when it awarded attorney fees to appellee since appellee waited until after appellants' time to appeal the judgment on the merits had elapsed before requesting, for the first time, attorney fees; and, (3) the court's award of attorney fees was unsupported by the evidence.

We have reviewed the record as to issues one, five, six and seven and find they are without merit. The trial court had jurisdiction of appellee's application for attorney fees pursuant to Section 1988, Title 42, U.S. Code. According to the court's findings of fact and conclusions of law, evidence at the trial on the merits was offered as to discriminatory enforcement of the admission tax by appellants as to appellee, and the complaint was amended to conform to said evidence, thus alleging violation of appellee's constitutional rights and making a claim of a violation of Section 1983, Title 42, U.S. Code. The court did not lose jurisdiction of the application for attorney fees simply because it was filed after judgment on the merits was entered. *White* v. *New Hampshire Dept. of Employment Security* (1982), 455 U.S. 445.

Appellants' claim that the court abused its discretion in awarding any attorney fees to appellee is not demonstrated by the record. The court in its findings of fact and conclusions of law clearly indicated it did not exercise its discretion in awarding the fees. The court concluded:

"(5) Where a party prevails on a claim predicated upon a violation of Section 1983 of Title 42 of the United States Code Section 1988 of said Title *requires* the trial court to make an award of attorney's fees and Plaintiff is a prevailing party." (Emphasis *sic.*)

As to appellants' claim that the attorney fees award was not supported by the evidence, we conclude appellee was required to present evidence as to the time reasonably expended by prevailing counsel on the case and the reasonable hourly rate for counsel's services. *Northcross* v. *Bd. of Edn. of Memphis City Schools* (C.A. 6, 1979), 611 F.2d 624. In the instant cause, appellee adequately demonstrated the hours its counsel had spent on the case and the reasonable hourly rate for their services. Appellee, in response to appellants' objections for more specifics as to how the hours were spent, offered detailed records of counsel's activities on the case to the court and appellants' counsel, but appellants' counsel did not indicate any desire to examine the detailed records. Such offer complied with Evid. R. 1006 and made the summaries testified to by the witnesses adequate evidence as to the time spent by them.

However, although we find no merit in the issues raised by appellants, we conclude their assignment of error is well-taken.

Section 1988, Title 42, U.S. Code, in pertinent part, states:

"* * * In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, * * * the court, in its discretion, may allow the prevailing party, other than the United

States, a reasonable attorney's fee as part of the costs."

In *White* v. *New Hampshire Dept. of Employment Security, supra,* at 454, the United States Supreme Court stated:

"Section 1988 authorizes the award of attorney's fees 'in [the] discretion' of the court. We believe that this discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party. Moreover, the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees. And of course the district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits."

As mentioned earlier in this opinion, the findings of fact and conclusions of law filed by the trial court indicate it mistakenly understood Section 1988, Title 42, U.S. Code to *require* an award of attorney fees to the prevailing party in a Section 1983, Title 42, U.S. Code action.

Since the court should have exercised its discretion as to the application for attorney fees but did not do so, we must reverse the judgment.

Judgment reversed and cause remanded for further proceedings, to wit: a new hearing on appellee's motion for attorney fees.

*Judgment reversed and cause remanded.*

GEORGE, J., concurs.

HOFSTETTER, J., concurs in judgment only.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

GEORGE, J., of the Ninth Appellate District, sitting by assignment in the Eleventh Appellate District.