**Anna M. PEPPERS, et al., Plaintiffs,**

v.

**Patricia BARRY, et al., Defendants.**

**No. C 75–329.**

United States District Court,
N.D. Ohio, W.D.

Aug. 2, 1989.

William H. Fraser, A.B.L.E., Toledo, Ohio, and Conrad Smith, Ohio State Legal Services Ass'n, Columbus, Ohio, for plaintiffs.

Alan Schwepe, Asst. Atty. Gen., Columbus, Ohio, and Richard W. Hanusz, Toledo, Ohio, for defendants.

## MEMORANDUM AND ORDER

WALINSKI, Senior District Judge.

This cause is before the Court on plaintiffs' motion for award of attorney fees and defendants' opposition thereto. For the following reasons, plaintiffs' motion is well taken.

## BACKGROUND

On January 25, 1988, plaintiffs filed a Motion for Award of Attorney Fees and Other Costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Fed.R.Civ.P. 54(d). In a Memorandum and Order dated August 18, 1988, this Court awarded plaintiffs $20,-370.16 for the time spent litigating and prevailing on the substantive merits of the case.

Plaintiffs now seek attorney fees for time reasonably spent litigating claims for attorney fees. Defendants acknowledge that plaintiffs have a right to seek fees for their previous efforts to obtain fees. However, defendants, oppose the requested amount and claim that plaintiffs are entitled to only 74.55% of the request. Their reasoning is based on a legal theory which would only allow reimbursement for successful claims. Given that plaintiffs originally requested $26,078.00 in fees, but were only awarded $20,370.16 defendants assert that plaintiffs were only 74.55% successful.

## DISCUSSION

In *Weisenberger v. Huecker,* 593 F.2d 49, 54 (6th Cir.1979) the court reasoned:

> If a successful party in a civil rights suit is awarded attorneys' fees under the act and he cannot secure attorneys' fees for legal services needed to defend the award ..., the underlying congressional purpose for the Act would be frustrated. We conclude that implementation of congressional policy requires the awarding of attorneys fees for time spent pursuing attorneys' fees.

Therefore, it is well settled that plaintiffs maintain the right to attorneys' fees for time spent litigating the attorneys fees issue. As such, the only issue in this case is

the amount for which reimbursement is proper.

The court in *Northcross v. Board of Ed. of Memphis City Schools,* 611 F.2d 624 (6th Cir.1979) stated:

> Once [the] issue is determined in the plaintiffs' favor, they are entitled to recover attorneys' fees for 'all time reasonably spent on a matter.' The fact that some of the time was spent in pursuing issues on research which was ultimately unproductive, rejected by the court, or mooted by intervening events is wholly irrelevant, so long as the party has prevailed on the case as a whole the district courts are [to] allow compensation for hours expended on unsuccessful research or litigation unless the positions asserted are frivolous or in bad faith.

*Id.* at 636.

The court went on to note that Congress mandated attorneys be compensated in a traditional manner and that the court was not aware of a billing method based upon an attorney's success or failure.

As such, in accordance with the reasoning of *Northcross,* this Court finds plaintiffs' request reasonable and will not dissect the award into "issues and parts of issues as to which the plaintiffs did not prevail." *Id.*

Although this Court previously stated that it will not attempt to split plaintiffs' claims, we still must determine if the hours and rates claimed are reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

Plaintiff requests Six Thousand Four Hundred Ten Dollars ($6,410.00) for 64.1 hours of work conducted by William H. Fraser. In a prior order of this Court, dated August 18, 1988, we found a rate of $100 per hour for Mr. Fraser was reasonable.[1] Thus, Mr. Fraser will be awarded his fees on a basis of $100 per hour.

This Court must next analyze the number of hours claimed by Mr. Fraser to decide if they are reasonable. *See Coulter*

---

1. Mr. Fraser is a well trained, experienced attorney. This Court awards partners an hourly rate of $100, on a general basis. Since Mr. Fraser works for Advocates for Basic Legal Equality he

*v. State of Tenn.,* 805 F.2d 146, 149 (6th Cir.1986). We find that the number of hours expended by Mr. Fraser nonduplicative and reasonable.

It is therefore

ORDERED that plaintiffs are awarded attorney's fees in the amount of Six Thousand Four Hundred Ten Dollars ($6,410.00).

can only be compared to a partner by his past practice. This Court deems him comparable to a partner, and thus finds $100 per hour appropriate.