GIBNEY et al., Appellants,

v.

TOLEDO BOARD OF EDUCATION et al., Appellees.

[Cite as *Gibney v. Toledo Bd. of Edn.* (1991), 73 Ohio App.3d 99.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–143.

Decided May 17, 1991.

100

*R. Timothy Bauer* and *David T. Bryant,* for appellants.

*David M. Schnorf,* for appellees.

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted, in part, and denied in part, plaintiffs-appellants' motion for additional attorney fees and costs. From that judgment, appellants, Ellen Gibney et al., filed a timely notice of appeal and assert as error:

"I. The trial court erred by refusing to award fees for services rendered in the court of common pleas in 1986.

"II. The trial court's award of fees evidences an abuse of discretion.

"III. The trial erred in excluding expenses from the fee award.

"IV. The trial court erred by not including any allowance for the time spent in connection with the request for fees."

The underlying facts of this case are set forth fully in *Gibney v. Toledo Bd. of Edn.* (1988), 40 Ohio St.3d 152, 532 N.E.2d 1300, and this court's decision in *Gibney v. Toledo Bd. of Edn.* (Oct. 16, 1987), L–86–221, unreported, 1987 WL 18438. The following facts are pertinent for the purpose of this appeal. On June 19, 1986, appellants prevailed against appellees, the Toledo Federation of Teachers and the Toledo Board of Education, on a claim based upon Section 1983, Title 42, U.S.Code. Appellants were also awarded attorney fees, in the amount of $21,688.21, under Section 1988, Title 42, U.S.Code ("Section 1988") for legal services rendered in the litigation of the Section 1983 claim for a period commencing on September 22, 1983 (the date the complaint was filed) and ending in November/December 1985. The award of attorney fees, as well

as certain other aspects of the case, was raised by appellees in their subsequent appeals to the Sixth District Court of Appeals and the Supreme Court of Ohio. The trial court's judgment entry was affirmed, in its entirety, by both reviewing courts. The opinion of the Supreme Court was released on November 2, 1988.

On January 27, 1989, appellants filed, pursuant to Section 1988, a motion for additional attorney fees. The requested fees encompassed (1) those allegedly incurred at the trial court level but not submitted in the previous case (approximately $5,500); (2) fees arising from the appeals of *Gibney* (approximately $27,000); (3) certain travel expenses incurred by appellants' attorneys during the course of the appellate process (approximately $1,100); and (4) attorney fees related to this cause, *i.e.*, fees incurred in litigating the question of entitlement to additional attorney fees and costs per Section 1988 (approximately $1,800). Appellants' motion asked for a total award of $33,833.04.[1]

Appellants were represented throughout this case by David T. Bryant, an attorney on the staff of the National Right to Work Legal Defense Foundation, located in Washington, D.C. Local counsel for appellants included Boggs, Boggs & Boggs Co., L.P.A., and, at a later point in time, R. Timothy Bauer. Appellants' motion for additional fees was supported by the affidavit of Bryant, a listing of the hours expended on the litigation, and billing and fee statements.

Appellees filed a memorandum in opposition to the motion for additional attorney fees, costs and expenses. Appellees contended that the fees and costs requested for appellate work were excessive. They offered the affidavit of a local attorney who had reviewed "certain aspects" of *Gibney* and stated that the fee to appeal such a case both to the appellate court and the Supreme Court of Ohio ranged from $7,000 to $10,000. On June 30, 1989, appellees deposed Bryant and questioned him relative to the hours set forth in his time sheets. These documents then became part of the record below as exhibits attached to the deposition. Appellees never offered any argument in their brief in opposition or asked Bryant any questions concerning appellants' motion for additional attorney fees, costs and expenses at the trial court level. No oral argument or evidentiary hearing was had.

On April 3, 1990, the trial court filed a judgment entry in which it totally rejected appellants' claim for additional fees and costs at the trial court level. The court found that the fee statement related back to a period six months

---

1. This amount does not include the fees and expenses requested by attorney Clair who represented attorney Bryant at deposition or Bryant's fee charged for the hours expended in connection with a deposition.

prior to final judgment in the 1986 case. The court concluded that the supplemental request for fees should have been filed at that point in time while the case was still fresh in the court's memory. The court further found that the June 19, 1986 award ($21,688.21) of attorney fees, costs and expenses was sufficient compensation for the work performed at the trial court level.

As to the fees and other expenses allegedly incurred as a result of the legal work performed while defending the appeals of the 1986 judgment, the trial court rendered the following holdings.

The court below first found that appellants had failed their burden to provide the necessary information and documentation required for a determination of reasonable attorney fees. Specifically, the court found that appellants had not separated billable hours from the "raw time" spent in the defense of the appeals. Due to this failure of proof, the court held that it must review the documentation and, after a consideration of pertinent factors, determined a reasonable award. The court then found that appellants had requested an award in excess of what was reasonable and decided that a total of seventy hours (thirty hours for the appeal to this court and forty hours for the appeal to the Supreme Court of Ohio) at $100 per hour was, under the circumstances of this case, the reasonable value of the services performed. The trial court further held that the expenses for travel, meals, and lodging of appellants' counsel could not be recovered as costs. The trial court never addressed the issue of whether appellants could recover attorney fees engendered in the litigation of appellants' entitlement to attorney fees. In total, appellants were awarded a judgment in the amount of $7,000.

All four of appellants' assignments of error assert, in essence, that the trial court abused its discretion in awarding only $7,000 as reasonable attorney fees for legal work performed in this case. We shall initially address the standard of review which applies to the disputed judgment prior to a consideration of the issue or issues raised in each of the assigned errors.

 The Civil Rights Attorney's Fees Awards Act of 1976, Section 1988, Title 42, U.S.Code, provides that a court may, in its discretion, allow a prevailing party, other than the United States, reasonable attorney fees in actions brought under specified civil rights statutes, including Section 1983. See, also, *Hensley v. Eckerhart* (1983), 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40; *Holden Arboretum v. Kirtland* (1984), 19 Ohio App.3d 125, 19 OBR 213, 483 N.E.2d 167. Further, a trial court has discretion in determining the amount of a fee award under Section 1988. *Gibney,* 40 Ohio St.3d at 158, 532 N.E.2d at 1306, citing *Hensley, supra,* 461 U.S. at 437, 103 S.Ct. at 1941, 76 L.Ed.2d at 52. Therefore, this court cannot reverse the trial court's judgment absent an abuse of discretion. An abuse of discretion connotes

more than an error of law or judgment; it implies that a trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 484, 450 N.E.2d 1140, 1141.

In their first assignment of error, appellants contend that the trial court abused its discretion by refusing to award additional attorney fees for legal services performed during the course of the proceedings below for the period between November/December 1985 and July 1986. Appellants claim that the bases for the trial court's decision are inapplicable to this case.

The trial court set forth two reasons for denying consideration of appellants' motion for additional attorney fees and expenses at the trial court level. First, the court determined that appellants had been adequately compensated by the previous award of attorney fees. The court did not state how or why the previous award of $21,688.21 compensated appellants for alleged fees and costs that were not before the court at the time of that award. It is undisputed that the previous award of attorney fees was compensation for legal services rendered through November/December 1985. The additional fee request covers the period from those dates to July 1986. There is no indication in the record of this case that the trial court intended to limit the attorney fees awarded to the June 19, 1986 amount. Thus, on this basis, appellants were entitled to have their motion for fees and costs engendered during that period evaluated on its own merits. *Cruz v. Hauck* (C.A.5, 1985), 762 F.2d 1230, at 1234–1235.

The lower court's second reason for totally rejecting appellants' request for additional attorney fees was the alleged delay in filing for those fees.

In the absence of a local rule, the timeliness of a motion for attorney fees made under Section 1988 is a matter for the trial court's discretion. *White v. New Hampshire Dept. of Emp. Security* (1982), 455 U.S. 445, 454, 102 S.Ct. 1162, 1167, 71 L.Ed.2d 325, 333. Delay in the filing of a motion for attorney fees under the statute is not, in and of itself, a reason sufficient to deny that motion. *Fulps v. Springfield, Tenn.* (C.A.6, 1983), 715 F.2d 1088, 1096. However, the court's discretion will support a denial of fees where a "post-judgment motion unfairly surprises or prejudices the affected party." *White, supra.* The doctrine of laches governs the court's inquiry into the timeliness of the motion for attorney fees. *Fulps, supra.* Therefore, in determining whether such a motion is untimely, the court must find that an inexcusable delay has caused a disadvantage to the nonmoving party in asserting and establishing a claimed right or defense or other damage caused

by detrimental reliance. *Id.; Cruz, supra,* at 1238; *Matter of Bohart* (C.A.5, 1984), 743 F.2d 313, 327; *Baird v. Belloti* (C.A.1, 1984), 724 F.2d 1032, certiorari denied (1984), 467 U.S. 1227, 104 S.Ct. 2680, 81 L.Ed.2d 875; *Bionic Auto Parts & Sales, Inc. v. Fahner* (N.D.Ill.1984), 588 F.Supp. 84. Generally, in the federal court system, the district court must enter a specific finding of unfair prejudice or surprise. *Cruz, supra; Baird, supra; Fulps, supra.*

In the instant case, appellees *did not allege unfair prejudice or unfair surprise* in their memorandum in opposition to appellants' motion. For that reason, it appears that appellees may have waived their right to assert that the motion for fees and costs could properly be denied on the basis of delay. *Orshan v. Macchiarola* (E.D.N.Y.1986), 629 F.Supp. 1014, 1018. Nonetheless, prejudice to the opposing party or to the court can be inferred from a *lengthy* delay in the filing of a Section 1988 motion. *Baird, supra,* at 1033, fn. 1, 1035, fn. 2, 1036, fn. 4; *Sellers v. Local 1598 Dist. Council* (E.D.Pa.1986), 638 F.Supp. 507, 510–511, affirmed (C.A.3, 1987), 810 F.2d 1164. In general, a two and one-half year delay as calculated from the date final judgment is entered in the trial court in filing would definitely be considered a lengthy delay. See, *e.g., Baird, supra* (thirty-month delay prejudicial). Nevertheless, it could be argued that appellants could not be sure that they were prevailing parties until the appellate process was complete. See *Bionic Auto Parts & Sales, Inc., supra,* at 86. If this argument were acceptable, the filing occurred three months after the release of the Supreme Court of Ohio's affirmance. However, this court is not persuaded that this date should be the one employed for determining the point at which time began to run for the filing of the Section 1988 motion for additional trial court fees. Appellants' cause of action rested upon the constitutionality of a refund and rebate procedure utilized by appellees. In its June 19, 1986 judgment, the trial court found that that procedure was unconstitutional. This portion of the judgment was not appealed by appellees (then appellants). Rather, appellees challenged the remedies, injunction and refund, ordered by the court below and the initial award of attorney fees. Consequently, it could be said that appellants' status as prevailing parties on the central issue of this cause was not in peril throughout the appellate process. Appellants' motion for additional trial court fees and costs should, therefore, have been filed, at the latest, shortly after appellees made known the object of their appeal. Hence, the delay in filing was lengthy and prejudice could be inferred. Therefore, we cannot say that the trial court abused its discretion in denying appellants' motion for attorney fees, costs and expenses at the trial court level. Accordingly, appellants' first assignment of error is found not well taken.

In their second assignment of error, appellants assert that the trial court abused its discretion in awarding only $7,000 in attorney fees for legal services performed during the entire appellate process.

The trial court, in footnote 1 of its decision, commented that the Sixth District Court of Appeals and the Ohio Supreme Court are in a better position to evaluate attorney fees generated in the appellate process. However, this is not the view of the Sixth Circuit. See *Kelley v. Metropolitan Cty. Bd. of Edn.* (C.A.6, 1985), 773 F.2d 677, 682; *Northcross v. Board of Edn. of Memphis City Schools* (C.A.6, 1979), 611 F.2d 624, 637. See, generally, Schwartz & Kirklin, Section 1983 Litigation: Claims, Defenses and Fees (1986), Section 24.6, at 618–620. The aforementioned authorities agree that it is the trial (district) court which is in the better position to resolve factual disputes on a fee application through pretrial conferences, evidentiary hearings, and discovery. See, *e.g., Northcross, supra,* at 637.

The trial court in determining an award of attorney fees is required "to provide a concise but clear explanation of its reasons for the fee award." *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941, 76 L.Ed.2d at 53. This principle requires that the court provide adequate reasons and a specific explanation as to why and how it reduced claimed hours for, *inter alia,* excessiveness, duplication, and inadequate documentation. Schwartz & Kirklin, *supra,* Section 24.5, at 616.

The first step in the analysis necessitates the calculation of the "lodestar" figure. *Akron Center for Reproductive Health v. Akron* (N.D.Ohio 1985), 604 F.Supp. 1275, 1284. See 651 F.2d 1198 (C.A.6, 1981). The lodestar is determined by multiplying the reasonable hours expended on the litigation by the reasonable hourly rate for attorneys or paraprofessionals. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939, 76 L.Ed.2d at 50; *Blum v. Stenson* (1984), 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891, 895. However, in calculating the lodestar the court should exclude any hours which were unreasonably expended. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939, 76 L.Ed.2d at 50. Unreasonably expended hours are generally categorized as those which are excessive in relationship to the work done, are duplicative or redundant, or are simply unnecessary. *Id.* Further, the hours expended must be documented and that documentation must reflect billing practices employed in the private sector. *Id.* In other words, a prevailing party cannot, under Section 1988, include hours or items as chargeable to his adversary which would not be billable to a private client. Finally, the reasonableness of the fee charged is determined by comparison to prevailing market rates in the relevant community. *Blum, supra,* 465 U.S. at 895, 104 S.Ct. at 1547, 79 L.Ed.2d at 899. After calculating the lodestar, the court

may, in consideration of other factors, enhance or reduce the lodestar. *Blum, supra,* at 898–899, 104 S.Ct. at 15, 79 L.Ed.2d at 1548–1549.

 In this instance, the trial court explicitly held that appellants' hours spent in the litigation of the appeals to this court and the Supreme Court of Ohio were poorly documented and duplicative. Therefore, the court reduced the number of hours but multiplied them all by the rate of $100 per hour. The lodestar figure was, therefore, $7,000. This lodestar conformed to the prevailing market rates for appeals in Ohio as attested to by the affidavit of a local attorney. The court, in essence, then determined that the lodestar was sufficient because the issues in this cause, although tangentially related to the Section 1983 claim, were not so unique, new or clever that the lodestar figure should be enhanced. The court then concluded that appellants should receive an award of the lodestar figure, $7,000.

After a thorough review of the record, including appellants' time sheets, and the prevailing market rates for appeals in Ohio, we cannot say that the trial court abused its discretion in awarding appellants $7,000 in attorney fees for the hours *reasonably* expended in the appeals of *Gibney*. Appellants' second assignment of error is not well taken.

Appellants assert, in their third assignment of error, that the trial court erred in finding that Section 1988 does not authorize the court to reimburse counsel for the prevailing party out-of-pocket expenses incurred in the course of a civil rights action.

 The trial court relied upon *Ramos v. Lamm* (C.A.10, 1983), 713 F.2d 546, for this proposition. In *Ramos* at 559, the court held:

"Items that are normally billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount."

The circuit court went on to find that, pursuant to this standard, the district court had properly disallowed certain travel expenses for outside counsel incurred as a result of commuting from his offices to the city in which the litigation was conducted. Although it appears, at first blush, that in this case the court was correct in rejecting appellants' travel expenses, the rule in *Ramos* is not generally followed in the Sixth Circuit. See *Northcross*, 611 F.2d at 639; *Hamilton v. Cuyahoga Cty. Welfare Dept.* (N.D.Ohio 1985), 613 F.Supp. 170, 173–174; *Akron Center for Reproductive Health v. Akron* (N.D.Ohio 1985), 604 F.Supp. 1275, 1293–1294. See, generally, Schwartz & Kirklin, *supra*, Section 21.8, at 554. In the foregoing cases, out-of-pocket expenses were awarded to the prevailing party where it was demonstrated that they were normally charged to a fee-paying client in the course of

providing legal services and that said expenses were reasonable. For cases, such as this one, where counsel is a member of a legal services organization without fee-paying clients, the reasonableness of the out-of-pocket expenses can be established through comparison with those charged by private firms in the community. Schwartz & Kirklin, *supra*, at 553–554, citing *Cherry v. Rockdale Cty.* (N.D.Ga.1984), 601 F.Supp. 78, 81. Accordingly, the trial court did err by stating that out-of-pocket expenses were not recoverable as a matter of law. This is not to say that the court below cannot, upon remand, reject these expenses. Rather, it means that the decision to award out-of-pocket expenses is a matter within a court's discretion and is determined by the adequacy of the documentation supporting appellants' request and the reasonableness of the amount set forth in those documents. Schwartz & Kirklin, *supra*, Section 21.8, at 556. Accordingly, appellants' third assignment of error is found well taken.

In their fourth assignment of error, appellants maintain that the trial court erred by refusing to award any amount of requested fees incurred as a result of the current litigation over entitlement to attorney fees. These included (1) a fee for $800 (8 hours × $100) for the preparation of the affidavit of David Bryant which was submitted in support of the motion for attorney fees; (2) a fee of $340 (3.4 hours × $100) for the time David Bryant expended in connection with a deposition taken by appellees June 2, 1989; and (3) the attorney fees, $1,130 (11.3 hours × $100) and expenses allegedly incurred by Bryant's attorney, Richard Clair, during his representation of Bryant at deposition and in the preparation of his (Clair's) affidavit in support of a supplemental motion for attorney fees and costs.

The trial court's judgment entry does not expressly dispose of the issue of whether appellants are entitled to an award of attorney fees and costs performed in litigation over the question of entitlement to attorney fees under Section 1988. Presumably, the court included that amount requested in the $7,000 award. Clearly, a court may in its discretion award such fees, if requested. *Coulter v. Tennessee* (C.A.6, 1986), 805 F.2d 146, 151; *Weisenberger v. Huecker* (C.A.6, 1979), 593 F.2d 49, 54; *Peppers v. Barry* (N.D.Ohio 1989), 718 F.Supp. 23. See, also, *Horne v. Clemens* (1985), 25 Ohio App.3d 44, 45, 25 OBR 118, 495 N.E.2d 441. However, it may also, through that discretion, deny further compensation or reduce the request for fees where duplication occurs. *Preston v. Thompson* (N.D.Ill.1983), 565 F.Supp. 310; *Peppers, supra,* at 24. Again, if awarded, the amount of the award is determined by all time reasonably spent upon the matter. *Coulter, supra,* at

151. Nevertheless, the legislative intent in enacting Section 1988 "was to encourage lawyers to bring successful civil rights cases, not successful attorney fee cases." *Id.* It has been suggested, therefore, that, absent unusual circumstances, the hours submitted in the preparation and litigation of the attorney fees case should not exceed three to five percent of the hours in the main case. *Id.* Because the entitlement to an award for the litigating of attorney fees arise separate and apart from the main case, the determination of such entitlement, if any, and the amount to be awarded should be separate from the "lodestar" calculation and award. *Baughman v. Wilson Freight Forwarding Co.* (C.A.3, 1978), 583 F.2d 1208, 1219; *Brown v. Fairleigh Dickinson Univ.* (D.N.J.1983), 560 F.Supp. 391, 412.

The trial court, in the case before us, chose not to specifically address the question of entitlement to fees and the appropriate amount, if any, to be awarded. We are of the opinion that it is not within the trial court's discretion to totally ignore this issue, particularly since case law indicates that said issue should not simply be consolidated with the overall determination of attorney fees. Refusal to decide an issue by a trial court is an abuse of discretion. *Taylor v. Taylor* (1983), 11 Ohio App.3d 279, 11 OBR 459, 465 N.E.2d 476. Accordingly, appellants' fourth assignment of error is found well taken.

The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This cause is remanded to that court for further proceedings not inconsistent with this judgment. Costs of this appeal assessed equally between appellants and appellees.

*Judgment accordingly.*

HANDWORK, P.J., MELVIN L. RESNICK and SHERCK, JJ., concur.