DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the grant of summary judgment by the Wood County Court of Common Pleas in favor of a local electrical union in a collection action for fines imposed against an alleged member for union rule violations. Charles E. Hyder appeals the summary judgment entered against him and in favor of appellee, International Brotherhood of Electrical Workers, Local Union No. 8 ("IBEW Local 8" or "the union") by the Wood County Court of Common Pleas. Because the trial court improperly relied on a portion of appellant's unfiled deposition, we find that genuine issues of material fact remain which require reversal and remand
 {¶ 2} IBEW Local 8 is a labor organization with its principal office at 807 Lime City Rd., Rossford, Ohio. The union negotiates for its members with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment and conditions of work.
 {¶ 3} Charles Hyder is a Michigan resident who entered into a stock sale agreement of Hyder Electric to his son, Steve Hyder, on May 20, 1998. Steve was not licensed, so Hyder was employed as the master electrician and both the company and Hyder became members of IBEW Local 8. Hyder paid his union dues until December 30, 2001.
 {¶ 4} In 2001, Hyder had problems with the union, in part because he was delinquent in his union dues. On February 8, 2001 he formed a non-union electrical company in Adrian Michigan known as C.H. Electrical, LLC.
 {¶ 5} Hyder apparently had difficulty with the union over a project in Dundee Michigan.[1] He did not pay union dues or attend union meetings, or correspond with IBEW Local 8 after December 30, 2001. The union notified Hyder on June 11, 2002 that he was being disciplined for conduct occurring the afternoon of May 10, 2002 — i.e. "Charles Hyder is working for KFC store in Tecumseh Mi for C.H. Electric." On June 24, 2002, the Trial Board of IBEW Local 8 considered charges that Hyder had violated the IBEW Constitution and the Inside Agreement. Hyder did not respond or attend the hearing and was found guilty of all charges. He was fined $2,000 for each offense for a total fine of $12,000. Hyder was removed from the union rolls on June 30, 20002.
 {¶ 6} IBEW Local 8 sued to collect its unpaid debt against Hyder on November 21, 2002. Hyder defended on the ground that he had been forced to join the union, and that he effectively withdrew from the union because he quit paying dues, did not attend membership meetings and began a non-union contracting business. IBEW Local 8 filed a motion for summary judgment which the trial court granted and journalized on August 15, 2003. It is from this judgment that Hyder appeals, asserting two assignments of error:
 {¶ 7} "I. The trial court erred by granting summary judgment to appellee on the basis that appellant's actions do not effectively terminate appellant's membership.
 {¶ 8} "II. The trial court erred by holding that appellant was a voluntary member of the union."
 {¶ 9} We review the trial court's ruling on the summary judgment motions de novo. Conley-Slowinski v. Superior Spinning (1998),128 Ohio App.3d 360, 363, discretionary appeal not allowed (1998),83 Ohio St.3d 1464. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when the movant demonstrates: "that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. BikeAthletic Co. (1998), 80 Ohio St.3d 607, 617.
 {¶ 10} The burden of proof is upon the party moving for summary judgment to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, paragraph two of the syllabus; Civ.R. 56(C). All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First Natl. Bank Trust Co. (1970), 21 Ohio St.2d 25,28. In reviewing a trial court's grant of summary judgment, an appellate court must also view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326, 327.
 {¶ 11} In granting summary judgment, the trial court found that Hyder had joined the union voluntarily and that his actions did not effectively terminate membership in Local 8, relying on a decision by this court. SeeInternatl. Bhd. Of Elec. Workers, Local Union No. 8 v. Gromnicki (2000),139 Ohio App.3d 641. The assignments of error will be handled in reverse order.
 The Voluntariness of Hyder's Membership in IBEW Local 8 {¶ 12} In the second assignment of error, Hyder contends that the trial court erred in determining that he was a voluntary member of the union.
 {¶ 13} Unions may sue only their voluntary members to collect fines based upon the enforcement of discipline rulings under the union rules and constitutions. See Internatl. BEW v. Smith (1992), 76 Ohio App.3d 652. Federal law permits an employer to "enter into a collective bargaining agreement that requires, as a condition of employment, membership in a labor organization. Section 158(a)(3), Title 29, U.S. Code." Local Lodge1297 v. Allen (1986), 22 Ohio St.3d 228, 231. The United States Supreme Court, however, has interpreted that language to mean that an individual only may be required to tender dues as a condition of employment; no one is required to become a full union member subject to union rules. SeeNLRB v. Gen. Motors Corp. (1963), 373 U.S. 734. Thus, while formal union membership is not mandatory, employees may be compelled to pay "union dues and fees" to share in the costs of negotiation and administration associated with union collective bargaining agreements. See Local Lodge1297, supra. Likewise, union discipline, such as the fines imposed by the union in this case, may be assessed against and collected from voluntary union members, rather than employees who merely tender dues. Id.
 {¶ 14} Even though Hyder's employer may have required it, Hyder's membership in the union is not necessarily involuntary. Hyder was actively involved with the union and was aware of its rules and constitution before December 30, 2001. He states by affidavit that he "quit the union" which presumes that he had considered himself to be a member. There is nothing in the record to indicate that he ever balked at union membership, despite his employer's requirement. As there are no material facts which demonstrate that Hyder was anything but a voluntary member of the union, the second assignment of error is not well-taken.
 The Termination of Union Membership {¶ 15} In the first assignment of error, Hyder argues that the trial court erred in finding that he did not effectively terminate his union membership. IBEW Local 8 contends that Hyder remained a member until June 30, 2002 when the union formally dropped him from membership for failing to pay dues for six full months. (Article XXII, Sec. 4 of the IBEW Local 8 Constitution.)
 {¶ 16} Where the union rules and constitution are silent regarding a member's method of voluntary withdrawal, we have previously determined that the member must provide notice to the union of his intent to terminate membership, in addition to non-payment of union dues or non-attendance of union meetings. See IBEW, Local Union No. 8 v.Gromnicki (2000), 139 Ohio App.3d 641, 647, citing to Internatl. Bhd. ofBoilermakers, etc. v. Local Lodge D129 of the Cement, Lime, Gypsum andAllied Workers Division of the Internatl. Bhd. of Boilermakers, etc.
(C.A. 2, 1990), 910 F.2d 1056, 1060-61; Tile, Marble, Terrazzo,Finishers, Shopworkers and Granite Cutters Internatl. Union AFL-CIO v.Tile, Marble, Terrazzo, Helpers and Finishers Local 32, etc. (C.A. 3, 1990), 896 F.2d 1404, 1412-13.
 {¶ 17} Hyder urges us to follow Local Union 673, Bhd. of Elec. Workersv. Markell (1989), 64 Ohio App.3d 217, a case where a member ceased paying dues without notifying the union that he wished to resign his membership. After being suspended for non-payment of dues, but before he was dropped from membership rolls, Markell was observed performing non-union work and was charged with a union violation for doing so. The trial court and the Eleventh District Court of Appeals agreed that Markell was not subject to discipline after he was suspended. We, however, have already addressed the situation involving issues of notice and voluntary termination of union membership in Gromnicki, supra.
 {¶ 18} In this case, the IBEW Local 8's constitution specifically sets out the consequences for non-payment of dues, and immediate ouster from the union is not one of the consequences. The constitution is silent, however, regarding notice to the union of voluntary membership withdrawal. As we have stated previously, both common sense and federal law dictate that any reasonable method of conveying an intent to resign is sufficient. Gromnicki, supra. Therefore, we will apply the Gromnicki
rationale to determine if sufficient evidence of notice was presented to withstand summary judgment.
 {¶ 19} We must first consider the types of evidence submitted in support of IBEW Local 8's motion. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. In addition, when ruling on a motion for summary judgment a court may consider only "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in theaction."
(Emphasis added). Id.; Civ.R. 56(C) Unauthenticated documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and may not considered by the trial court. Douglass v.Salem Cmty. Hosp., 153 Ohio App.3d 350, 360, 2003-Ohio-4006, ¶ 25;Citizens Ins. Co. v. Burkes (1978), 56 Ohio App.2d 88, 95-96; Sparks v.Erie Cty. Bd. of Commrs. (Jan. 16, 1998), 6th Dist. No. E-97-007.
 {¶ 20} In this case, although IBEW refers to a small quote from Hyder's deposition[2] and a reference to page 64, the record does not indicate that the deposition from which the alleged quote was taken, or, in fact, if any deposition, was ever filed with the trial court as required by Civ.R. 32(A) and 56(C). We acknowledge that attachment of portions of a deposition to a motion for summary judgment without objection might be sufficient to constitute a waiver of any error. Here, however, the purported segment is presented only as an uncertified, out-of-context quote in a footnote. Furthermore, this small excerpt begins with Hyder's answer to an unknown question. Without a copy of the deposition, or at least copies of the actual deposition pages before and after this section, we cannot discern whether the quoted lines were accurate, were taken out of the context, or if the issue of union notification was even addressed. The small excerpt is not reliable and without the complete deposition, we decline to consider it in determining the issues on summary judgment.[3] Consequently, we will only consider the remaining relevant evidence presented: Hyder's answers to interrogatories; his affidavit; and the affidavit of the union's witness, Charlie Condon.
 {¶ 21} Viewed most favorably to the non-moving party, Hyder's answer to interrogatory number eleven indicates that he "no longer paid the Plaintiff dues and notified the Plaintiff he [w]as no longer a member of the IBEW Local #8." The affidavit attached to his response to the union's summary judgment motion states that Hyder "quit [his] membership in IBEW, local 8 and did not pay membership dues to IBEW, local 8 on or after December 30, 2001." Hyder further avers that he "did not attend union meetings or correspond with IBEW, local 8 from December 31, 2001 inaccordance with my quitting the union." (Emphasis added.) Although there is no specificity on the issue of actual communication of his intent to terminate his union membership, when construed in favor of Hyder, material issues do exist that must be determined by a factfinder. Therefore, we conclude that the trial court erred in granting summary judgment in favor of IBEW.[4]
 {¶ 22} Accordingly, the first assignment of error is well-taken.
 {¶ 23} The judgment of the Wood County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., concur.
[1] It is unclear from the record what difficulties existed between the parties on the Dundee Michigan job or if it is the "KFC job" referred to in the charges brought against Hyder. Nonetheless, the parties do not dispute that union members were pulled off a job and that a bond posted by Hyder was cancelled.
[2] {¶ a} The union offered only the following lines allegedly quoted from Hyder's deposition testimony and placed them in a footnote:
{¶ b} "A. They don't have to do it twice to make you realize, okay, so then far as I was concerned I figured if you didn't pay your union dues they're going to kick you out.
{¶ c} "Q. That's fair enough.
{¶ d} "A. And then I notice in their bylaws they do that.
{¶ e} "Q. So, you just figured at some point the well's dried up and that will be the end of it?
{¶ f} "A. Yes, sir.
{¶ g} "Q. Okay. So, you understood that by not paying your dues you would terminate the relationship?
{¶ h} "A. Right.
{¶ i} "Q. Okay. And that's what you did?
{¶ j} "A. Exactly.
[3] We recognize that, in some cases, if no objection is made, any error in a trial court's consideration of inadmissible evidentiary material may be deemed waived. See Stegawski v. Cleveland AnesthesiaGroup, Inc. (1987), 37 Ohio App.3d 78, 83; Brown v. Ohio Cas. Ins. Co.
(1978), 63 Ohio App.2d 87, 90. Nevertheless, unauthenticated evidence must still exhibit some indication that the evidence is relevant and reliable. See State v. Brown (2002), 151 Ohio App.3d 36, 43.
[4] Because we were unable to consider the deposition testimony, we have not reached the merits of whether appellant has met the requirements as set out in Gromnicki, supra, i.e., the member must communicate his intent to withdraw from the union. Whether failing to pay dues, ignoring union meetings, not responding to correspondence and beginning a non-union contracting business meets the Gromnicki standard remains to determined upon the evidence.