DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Lucas County Court of Common Pleas, we are asked to determine whether the trial court erred in granting summary judgment to appellees, Charles K. Boxell and Schindler, Neff, Holmes Schlageter, L.L.P.
 {¶ 2} On May 13, 2002, appellant, Greenwood Rehabilitation, Inc., formerly known as Greenross, Inc. ("Greenross"), and Douglas W. Greenwood, re-filed a legal malpractice action against appellees. It is undisputed that the prior malpractice action was voluntarily dismissed, without prejudice.
 {¶ 3} In their complaint, the plaintiffs alleged that Boxell was previously the legal representative of Greenross and breached his duty to the corporation by, inter alia, failing "to prepare necessary amendments and/or revisions to the Close Corporation Operating Agreement" in a timely fashion. They asserted that this breach caused the corporation and Douglas Greenwood, as a shareholder, to suffer financial loss. Subsequently, Douglas Greenwood voluntarily dismissed his claim against appellees.
 {¶ 4} On January 28, 2004, appellant filed a motion asking that the trial court issue an order to include in the instant cause the pleadings, filings, depositions, and the exhibits accompanying the depositions filed in the previous case. The trial court never ruled on this motion and never issued the requested order. Nonetheless, most, but not all, of the depositions taken in the prior case were re-filed in the instant case.
 {¶ 5} Appellees filed a motion for summary judgment asserting, among other things, that appellant's claims were barred by the statute of limitations set forth in R.C. 2305.11(A) and/or the doctrine of "laches/estoppel." These affirmative defenses were also raised in appellees' answer. Appellees further contended that they were entitled to summary judgment on the merits of the corporation's claim. Appellant filed a memorandum in opposition to appellees' motion for summary judgment and its own motion for partial summary judgment with regard to appellees' statute of limitations defense.
 {¶ 6} On August 11, 2004, the trial court entered a judgment finding that the corporation's claims were not barred by the pertinent statute of limitations[1] but granting summary judgment to appellees on the merits of appellant's legal malpractice claim. In particular, the lower court found that appellant failed to create a genuine issue of material fact on the question of whether there was a causal connection between Boxell's alleged breach of duty and the damages claimed by appellant. Appellant filed a timely notice of appeal from this judgment and maintains that the following error occurred in the trial court proceedings:
 {¶ 7} "As a matter of law, the trial court committed error prejudicial to the plaintiff-appellant, and favorable to defendants-appellees, when it determined that there was no genuine issue of material fact respecting proximate cause and granted summary judgment in favor of the defendants-appellees."
 {¶ 8} Even though appellees did not file a notice of cross-appeal, they raise, pursuant to R.C. 2505.22 and App.R. 3(C)(2), two cross-assignments of error to prevent the reversal of the trial court's judgment:
 {¶ 9} "1. Although correctly granting summary judgment in appellees' favor on the issue of proximate causation, the trial court erred when it failed to grant appellees' summary judgment motion on appellant's failure to provide legally sufficient evidence of damages. (See, Def.'s Combined Reply Mem. in Supp. of Their Mot. For Summ. J. and Mem. in Opp. To Pls.' Cross-Mot. for Partial Summ. J., pp. 11-13.)"
 {¶ 10} "2. Although correctly granting summary judgment in appellees' favor on the issue of proximate causation, the trial court erred when it denied appellees' summary judgment motion on the issue of the expiration of statute of limitations. (Op. J. Entry, pp. 7-10.)"
 {¶ 11} The facts relevant to our disposition of this case are as follows.
 {¶ 12} In 1990, Douglas Greenwood, a physical therapist, and Dean Mandross, an attorney, decided to start a physical therapy business together. Greenwood supplied the skill and oversaw the day-to-day operations of the practice, and Mandross provided the capital. They engaged Boxell to create an Ohio close corporation with Greenwood and Mandross as equal shareholders and as the corporation's board of directors. Boxell prepared the Articles of Incorporation of Greenross. The Articles were filed with the state of Ohio on December 3, 1990.
 {¶ 13} Boxell also drew up the original "Close Corporation Operating Agreement" between Greenwood and Mandross. Pursuant to Paragraph 3 of the agreement, Greenwood received a salary; Mandross did not. The agreement also allocated the division of corporate profits between the two principals. Boxell explained that because he was corporate counsel, Mandross and Greenwood should each retain separate counsel to review the agreement. There is no evidence in the record of this case that establishes that either Greenwood or Mandross followed Boxell's advice.
 {¶ 14} The business was an immediate success in its first year of operation. Mandross and Greenwood split the profits in the manner prescribed in the agreement. Nevertheless, in 1992, a dispute arose over the meaning of the paragraph in the Greenross operating agreement that provided for the split of profits between the co-owners. Greenwood hired outside counsel to try to resolve his differences with Mandross. In June 1993, Mandross, Greenwood, Mandross' accountant, the corporate accountants, Greenwood's attorney, and Boxell met to, among other things, attempt to formulate an agreed upon resolution to the dispute. No agreement on the profit dispute was reached. It is undisputed that over the course of the next three years, Boxell performed no duties as counsel for Greenross.
 {¶ 15} During the next several months after the June 1993 meeting, Greenwood sought to sever his business relationship with Mandross. He later abandoned this effort, and the two men reached a verbal agreement on the issue of splitting the corporate profits.
 {¶ 16} In April 1996, Mandross contacted Boxell and informed him that he and Greenwood had reached an agreement as to the distribution of profits. He did not, however, ask Boxell to make any revisions to the operating agreement. After almost a year from the date of that telephone call, Mandross again contacted Boxell, met with the attorney, gave him the revised terms of the operating agreement, and asked him to prepare a new draft of that agreement containing the revisions.
 {¶ 17} In November 1997, Boxell delivered two copies, one for Mandross and one for Greenwood, of the draft of the revised agreement to Mandross. Boxell testified that because Mandross was the corporate secretary of and statutory agent for the corporation, he considered Mandross to be the contact or "conduit" of the corporation. However, Greenwood later claimed that he never received his copy of the revised agreement until July or August 1999. Even though Mandross notified Boxell that he was not happy with the draft, he did not request further revision, and neither of the co-owners contacted Boxell for the next two years.
 {¶ 18} In February 1999, Mandross went to Boxell and expressed a concern with "a number of things with the corporation." Mandross asked Boxell to write a letter to Greenwood. Boxell declined, stating that as the corporate attorney he could not comply with the request. Instead, after consideration of the problems, Boxell, in his capacity as corporate attorney, sent a letter to both men that addressed his concerns as to the manner in which Mandross and Greenwood, as shareholders and sole members of the Board of Directors, were disregarding corporate formalities. He again urged the two to retain separate counsel if they were unable to reach an agreement.
 {¶ 19} In August 1999, Mandross filed suit against Greenwood. Two months later they arrived at a settlement. Mandross received $500,000 for his shares in Greenwood Rehabilitation, Inc. In its legal malpractice action against Boxell, appellant claimed that Boxell's delay in preparing the revised operating agreement was a breach of his duty to the corporation and that this delay resulted in a corporate loss of $300,000.
 {¶ 20} In its sole assignment of error, appellant asserts that the trial court impermissibly weighed the evidence offered in support of and in opposition to the motion for summary judgment thereby applying a "more stringent proximate cause standard" than that required by the Ohio Supreme Court in Vahila v. Hall (1997), 77 Ohio St.3d 421, 1997-Ohio-259.
 {¶ 21} An appellate court's review of a grant or denial of a motion for summary judgment is de novo, that is, our review is made independently and without deference to the trial court's determination.Brewer v. Cleveland City Schs. Bd. of Educ. (1997), 122 Ohio App.3d 378,383; McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Thus, the standard applicable in our review of appellant's assignment of error is found in Civ.R. 56(C). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Id.,Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
 {¶ 22} The party moving for summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When ruling on a motion for summary judgment a court may consider only "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." (Emphasis added.) See Civ.R. 56(C). Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and may not be considered by the trial court. Douglass v. Salem Community Hosp., 153 Ohio App.3d 350,360, 2003-Ohio-4006; Citizens Ins. Co. v. Burkes (1978),56 Ohio App.2d 88, 95-96; Sparks v. Erie Cty. Bd. of Commrs. (Jan. 16, 1998), 6th Dist. No. E-97-007.
 {¶ 23} The essential elements of a claim alleging legal malpractice on the basis of negligent representation are found in Vahila. In such a case, "a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." Id. at the syllabus.
 {¶ 24} In the case under consideration, appellees' motion for summary judgment focused on their affirmative defenses and appellant's alleged failure to offer any proof of damages. In the corporation's memorandum in opposition, it quoted extensively to the deposition of Anthony P. Georgetti, Greenwood's attorney in the litigation with Mandross, to demonstrate that "[a]s a result of Boxell's conduct in not promptly memorializing amendments to the Close Corporation Operating Agreement and failing to keep the President and other shareholder of Greenross, Douglas W. Greenwood, apprised of what was going on regarding the amendments, the corporation suffered damages." Appellant also used the deposition testimony of Georgetti to assert that the corporation suffered $300,000 in damages as a result of Boxell's delay in preparing a revised operating agreement. According to appellant and Georgetti, these damages arose from settling the lawsuit between Greenwood and Mandross for an amount in excess of the amount that would have been awarded under the revised operating agreement. In reply, appellees objected to a portion of Georgetti's deposition testimony as hearsay and asserted that the remainder constituted speculation on the questions of proximate cause and damages.
 {¶ 25} In its judgment entry, the common pleas court cited that portion of appellant's opposition brief that quoted Georgetti's deposition. The court held that Georgetti's.
 {¶ 26} "* * * essential testimony, that the Greenross principals had a `chance' at a more favorable resolution without resorting to litigation had Mr. Boxell delivered a timely Draft Agreement to Mr. Greenwood, is speculation and is insufficient to create a genuine issue of material fact on the issue of proximate cause."
 {¶ 27} For the following reason, we conclude that the excerpted portions of Georgetti's deposition set forth in appellant's memorandum in opposition/motion for partial summary judgment could not be considered by the trial court and cannot be considered by this court.
 {¶ 28} The parties to this cause agree that this case was voluntarily dismissed, without prejudice, and subsequently refiled at a later time. "`A dismissal without prejudice leaves the parties as if no action had been brought at all.'" Denham v. City of New Carlisle (1999),86 Ohio St.3d 594, 596, quoting DeVille Photography, Inc. v. Bowers
(1959), 169 Ohio St. 267, 272. Thus, in an instance where a party does not file a deposition or other evidentiary materials in the re-filed cause of action, this court cannot consider evidence from the case that resulted in a nonsuit. Hooks v. Ciccolini (May 15, 2002), 9th Dist. No. 20745, 2002-Ohio-2322; Bender v. Berbec (Aug. 24, 1990), 6th Dist. No. L-89-228.
 {¶ 29} Appellant may argue, nonetheless, that appellees failed to object to its use of excerpts from Georgetti's deposition testimony to create a question of fact on the issues of causation and damages and therefore waived any alleged error in the trial court's consideration of these excerpts. See Asset Acceptance LLC v. Davis, 5th Dist. No. 2004CA00054, 2004-Ohio-6967, at ¶ 45 (Citations omitted.). However, since the excerpts in this cause are merely segments of Georgetti's alleged deposition testimony and are taken out-of-context, they are unreliable and cannot be utilized to create a question of fact on the causal connection between Boxell's purported delay in drafting a revised operating agreement and the alleged damage suffered by appellant. SeeInternatl. Brotherhood of Elec. Workers, Local No. 8 v. Hyder, 6th Dist. No. WD-03-067, 2004-Ohio-3460, at ¶ 20. The same is true of the excerpt pertaining to damages. Consequently, this court is limited to a review of all of the remaining evidence offered in support of and contra to the motion for summary judgment. Id.
 {¶ 30} After a thorough review of: (1) all depositions filed in the instant case; (2) a hearing transcript, which, unlike the excerpts, was appended, in toto, to appellant's memorandum in opposition/motion for partial summary judgment;[2] and (3) all exhibits, we find that appellant failed to create a genuine issue of material fact on the essential elements of causation and damages. Accordingly, the trial court did not err in granting, albeit for the wrong reason, appellees' motion for summary judgment as a matter of law. Johnson v. Am. Family Ins., 6th Dist. No. L-04-1238, 2005-Ohio-1776, at ¶ 29, citing Reynolds v. Budzik
(1999), 134 Ohio App.3d 844. ("An appellate court shall affirm a trial court's judgment which is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.").
 {¶ 31} Appellant's sole assignment of error is found not well-taken. Due to the fact that we affirm the trial court's judgment, we need not address appellees' crossassignments of error to prevent reversal. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.
[1] Despite an extended discussion of why appellant's claim was not barred by the statute of limitations, the trial court, at the end of it decision, inexplicably denied appellant's motion for partial summary judgment. It is clear from that judgment, however, that the court rejected appellees' statute of limitations defense.
[2] Appellees did not object to the submission of the transcript in this manner. We therefore reviewed that transcript in reaching our decision.