DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal of an order of the Wood County Court of Common Pleas, awarding attorney fees in a debt collection matter.
 {¶ 2} The facts of this matter are more fully explained in our original consideration. Internatl. Bhd. of ElectricalWorkers, Local No. 8 v. Hyder, 6th Dist. No. WD-03-067,2004-Ohio-3460.
 {¶ 3} Appellant, Charles Hyder, was a member of appellee, International Brotherhood of Electric Workers, Local 8. Appellant was fined $12,000 by the union for violating the union constitution and his membership agreement. Appellee sued in the Wood County Court of Common Pleas to collect this sum as a debt. On August 15, 2003, the court granted appellee summary judgment on its complaint, awarding appellee the sum it sought, plus attorney fees, as provided for in the agreement of the parties. Appellant appealed the award, but not specifically the attorney fees. We reversed the summary judgment for want of supporting documentation in the record and remanded the matter to the trial court. Id. at ¶ 20-21.
 {¶ 4} On remand, appellee rectified the delinquency in the record and again moved for summary judgment. On November 11, 2004, the court again granted summary judgment to appellee. On April 18, 2005, appellee moved for attorney fees in an amount in excess of $48,000. On September 15, 2005, the trial court awarded attorney fees in the amount of $12,000. From this judgment, appellant now brings this appeal.
 {¶ 5} In two assignments of error, appellant contends that the award was too distant in time from the original judgment and too much.
 I. Timeliness of Application {¶ 6} In his first assignment of error, appellant argues that attorney fees should not have been awarded, because the award constitutes costs of litigation which must be determined by the court prior to journalization of its original decision. In support of this proposition, appellant cites this court's decision in Yaber v. Cooper (June 10, 1988), 6th Dist. No. H-87-36. Moreover, appellant insists, even if the trial court's failure to timely compute attorney fees does not bar the award, the two year delay between the trial court's initial award of attorney fees in principle and its imposition of the actual amount is grounds to deny fees. Appellant cites this court'sGibney v. Toledo Bd. of Edn. (1991), 73 Ohio App.3d 99, in support of this proposition.
 {¶ 7} Appellee responds that Yaber is distinguishable because it involved a claim for statutory attorney fees in a landlord/tenant case, while this is a claim for fees provided in a contract between the parties. Gibney, too, is distinguishable, according to appellee, because it too — this time under federal law — involved statutory attorney fees.
 {¶ 8} The unreported Yaber case is not good law. On a subsequent motion for reconsideration, we found that an "incorrect standard of review was applied * * *" in that decision. Yaber v. Cooper (1988), 61 Ohio App.3d 609, 612. We held that while we still believed that the better practice was to include an award of attorney fees in the final entry, the manner in which a trial court handled the award was vested in the court's sound discretion. Id. at 613. We then concluded that it was within the trial court's discretion to permit a prevailing party to file a motion for attorney fees after entry of judgment. Id. at 614.
 {¶ 9} In Gibney, supra, we essentially reached the same conclusion. There, the trial court refused to award attorney fees because of a "lengthy" (two and one-half years) delay in making application for those statutory fees. We found this decision to be within the court's discretion. Gibney at 107.
 {¶ 10} Yaber and Gibney and other cases agree: the determination of whether to award attorney fees and how much to award in attorney fees rests within the sound discretion of the court and will not be disturbed absent an abuse of that discretion. The term "abuse of discretion" connotes more than just an error of judgment or mistake in law, an "abuse of discretion" means that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} In this matter, immediately after the summary judgment was issued in appellee's favor, an appeal was taken. Thus, until the appeal was ruled upon, it was not finally determined that appellee would be the prevailing party. Indeed, the summary judgment was reversed on the first appeal. The second time summary judgment was granted was only a few months before appellee moved for attorney fees. It is this period which should be viewed when considering whether application for fees was timely. See Gibney at 107. In any event, the trial court acted within its discretion in entertaining appellee's request for attorney fees. Accordingly, appellant's first assignment of error is not well-taken.
 II. Amount Awarded {¶ 12} In respect to appellant's second assignment of error, the same standard of review applies. Ultimately, an award of attorney fees is within the discretion of the court. AtwoodResources, Inc. v. LeHigh (1994), 98 Ohio App.3d 293, 300.
 {¶ 13} Appellant contends that even though the trial court awarded attorney fees representing only one-fourth of those appellee requested, even that amount is excessive for what is essentially a $12,000 collection suit.
 {¶ 14} When determining whether requested attorney fees are "reasonable" the starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Bittner v. Tri-County Toyota (1991), 58 Ohio St.3d 143,145, citing Hensley v. Eckerhart (1983), 461 U.S. 424, 433. Once the initial estimate of an attorney's services is determined, a court should then consider the factors contained in DR 2-106, then modify the initial calculation by applying these factors. Id. These factors include:
 {¶ 15} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 16} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 17} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 18} "(4) The amount involved and the results obtained.
 {¶ 19} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 20} "(6) The nature and length of the professional relationship with the client.
 {¶ 21} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 22} "(8) Whether the fee is fixed or contingent." DR 2-106(B).
 {¶ 23} This is exactly the procedure that the trial court employed.
 {¶ 24} The court found that there were no difficult legal questions in the case and that the amount involved was not great. The court then concluded that, "[w]hile [appellee] may choose to expend four times the amount of a debt in order to collect that debt, as a way of demonstrating that debts to the union will be pursued, * * * a lawyer of ordinary prudence would view the fee sought [as excessive]." The court then reduced the fee from the $48,000 demanded to a $12,000 award. Given that the trial court employed an approved method of computing reasonable attorney fees, we cannot say that its award was arbitrary, unreasonable or unconscionable. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. concur.