FREEMAN, APPELLANT, *v.* WILKINSON, DIRECTOR, ET AL., APPELLEES.

[Cite as *Freeman v. Wilkinson* (1992), 65 Ohio St.3d 307.]

(No. 92–882—Submitted September 14, 1992—Decided December 14, 1992.)

*Jerome Blair Freeman*, pro se.

*Lee I. Fisher*, Attorney General, and *Robert W. Myers*, Assistant Attorney General, for appellees.

---

*Per Curiam.* Appellant's first argument is that it was substantial error for the court of appeals to deny his motion for "notice for hearing and motion to revise and for judgment N.O.V." On appeal, he cites Civ.R. 54(B). In the actual motion, he cited Civ.R. (7)(B) and 50(B), as well as Civ.R. 54(B). None of these rules have application to this case. Civ.R. 7(B)(2) provides that:

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

Appellant provided a written statement in support of his motion, which the court heard without oral argument. Therefore, the court of appeals did not err.

Civ.R. 50(B) governs motions for judgment notwithstanding the verdict; however, as the term "verdict" implies, it only applies in cases tried by jury. Freeman did not demand, nor was he entitled to, a jury trial to determine whether a writ should issue. Therefore, the court of appeals properly denied appellant's motion for judgment notwithstanding the verdict under Civ.R. 50(B).

Civ.R. 54(B) provides for judgment upon multiple claims or involving multiple parties. The court of appeals properly ruled on all claims raised by Freeman's motion; therefore, his argument pertaining to Civ.R. 54(B) is without merit.

Appellant's second argument is that it was substantial error to deny his motion for attorney fees without scheduling a separate hearing under R.C. 2323.51. The court of appeals correctly noted that appellant is not a licensed attorney, but a *pro se* litigant. This court has previously held, in a case between the same parties, that "R.C. 2323.51 provides for attorney fees, not compensation for *pro se* litigants. A separate hearing to make that determination would have been pointless." *State ex rel. Freeman v. Wilkinson* (1992), 64 Ohio St.3d 516, 517–518, 597 N.E.2d 126, 127. Therefore, the court of appeals was correct in denying appellant's motion for legal fees.

Appellant's final objection is to the adoption and approval of the referee's report. However, Civ.R. 53(A) provides:

"The court may appoint one or more referees * * * to hear an issue or issues in any case in which the parties are not entitled to a trial by jury * * *." Civ.R. 53(E)(2) provides that "[a] party may, within fourteen days of the filing of the report, serve and file written objections to the referee's report." Civ.R. 53(E)(5) provides that the referee's report "shall be effective and binding only when approved and entered as the matter of record by the court. The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues * * *."

Civ.R. 53(E)(7) provides:

"The court may enter judgment on the basis of findings of fact contained in the referee's report without waiting for timely objection by the parties * * *."

The referee filed his report on November 27, 1991, and the court made its independent analysis and entered judgment on March 19, 1992. Appellant filed no objection to the referee's report during that time. Therefore, the court of appeals' adoption, approval, and judgment based on the referee's report were well within Civ.R. 53. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.