**HILLYER et al.**

v.

**ROTH et al.**

Court of Common Pleas of Ohio,
Lucas County.

Decided March 7, 1995.

*Veronica M. Murphy,* for Hugh H. Hillyer and Sara E. Hillyer.

*David R. Pheils, Jr.,* for Crandall, Pheils & Wisniewski.

*Paul E. O'Reilly, pro se.*

*Rohrbacher, Nicholson & Light* and *Kathleen W. Striggow,* for Richard E. Roth, Roth Insurance Agency, Inc., Pat Seybold, Dale Moore, and Seneca Insurance Company, Inc.

---

FREDERICK H. McDONALD, Judge.

This case is before the court upon the motion of defendants Paul E. O'Reilly and Crandall, Pheils & Wisniewski for assessment of costs and attorney fees pursuant to R.C. 2323.51, the frivolous conduct statute. A hearing on that motion has also been requested. For the reasons that follow, I find that the motion is not well taken and should be denied, and that no hearing is required.

I

This case began as a collection action in the Maumee Municipal Court. In that case Roth Insurance Agency, Inc. filed an action against Hugh H. and Sarah E. Hillyer for advances that Roth Insurance Agency made for premiums due Seneca Insurance Company. The amount of the claim was $210. The plaintiff in that collection action was represented by attorney Paul E. O'Reilly. The Hillyers claimed that the advances made by the insurance agent to the insurance company were not authorized by them and that they were not liable for any amount. Prior to trial the plaintiff reduced its claim against the Hillyers to $40. The case was tried in the Maumee Municipal Court. In a written decision the trial judge found in favor of the Hillyers. He found that the policy automatically terminated and that the defendants were not liable for any premiums advanced by the Roth Insurance Agency. The Hillyers were not represented by counsel in that action.

On November 2, 1993, the plaintiffs in this case, Hugh and Sarah Hillyer, filed a *pro se* action in the Wayne County Court of Common Pleas against seven named defendants: Richard Roth, Pat Seybold, and Roth Insurance Agency, Inc. (the insurance agents); Paul E. O'Reilly, and the "Managing Partner" of Crandall, Pheils & Wisniewski (O'Reilly's law firm); and Dale Moore and Seneca Insurance Company, Inc. (the insurers). ·On January 14, 1994, the case was transferred to the Lucas County Court of Common Pleas.

The Hillyers' original complaint contained eight counts and sought $5.2 million. A motion to amend the complaint to add a ninth count was later granted by this court. All claims related to the collection action in Maumee Municipal Court that was filed by and on behalf of the various defendants in this case. On May 23, 1994, defendants Paul E. O'Reilly and Managing Partner (David R. Pheils of Crandall, Pheils, & Wisnewski) filed a motion for summary judgment. On June 9, 1994, attorney Veronica M. Murphy filed an entry of appearance on behalf of the Hillyers. She filed a memorandum in opposition to the defendants' motion for summary judgment on August 1, 1994. On October 7, 1994, this court found that there were genuine issues of material fact relating to plaintiffs' claims for abuse of process and loss of consortium, and denied the defendants' motion for summary judgment as to those claims. However, summary judgment was granted in favor of the defendants on the remaining claims. The case was continued for trial until October 31, 1994.

Settlement negotiations and conferences were held, and this court participated in those settlement conferences. I was advised by the parties at one point that the case was settled. Shortly thereafter I was advised that a party other than the Hillyers had changed its position and that a trial was necessary. On October 26, 1994, defendants Seneca Insurance Company, Inc. and its employees Pat Seybold and Dale Moore were voluntarily dismissed by the Hillyers. On October

31, 1994, the trial date, the Hillyers dismissed their action against the remaining defendants pursuant to Civ.R. 41(A)(1). This motion for assessment of costs and attorney fees followed.

## II

R.C. 2323.51(B)(1) states in pertinent part as follows:

"(B)(1) * * * the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. * * *"

R.C. 2323.51(A) defines "conduct" and "frivolous conduct" as follows:

"(A) As used in this section:

"(1) 'Conduct' means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

In determining whether the conduct of the Hillyers in this case constitutes frivolous conduct within the meaning of the statute, an objective as opposed to a subjective standard should be used. *Ceol v. Zion Indus., Inc.* (1992), 81 Ohio App.3d 286, 291, 610 N.E.2d 1076, 1078; *Kester v. Rodgers* (May 6, 1994), Lake App. Nos. 93–L–056 and 93–L–072, unreported, 1994 WL 188918; *Sawyer v. Sinkey* (C.P.1992), 62 Ohio Misc.2d 727, 733–734, 610 N.E.2d 1219, 1223–1224.

In their motion, the movants allege that there were two categories of frivolous conduct in this case. The first category is the behavior of the Hillyers before August 1, 1994, and the second is the conduct of the Hillyers and their attorney after August 1, 1994. The basis for this distinction appears to be that prior to August 1, 1994, when the plaintiffs' filed a memorandum in opposition to the defendants' motion for summary judgment, the Hillyers had proceeded *pro se* on nine separate claims for relief. After that date when they were represented by counsel, they proceeded only on the abuse of process and loss of consortium claims. The movants contend that the Hillyers and their attorney engaged in frivolous conduct throughout the course of this trial, but apparently seek damages only against the Hillyers prior to August 1, 1994, and against both the Hillyers and Murphy after August 1. Applying an objective standard to the

actions of the Hillyers and their attorney, I find that no frivolous conduct occurred.

■ In considering whether the actions of the Hillyers prior to August 1, 1994, constitute frivolous conduct, an initial issue is whether special consideration should be given to the fact that they were *pro se* litigants. There appears to be a split of authority in the state of Ohio on this issue. In *Meyers v. First Natl. Bank* (1981), 3 Ohio App.3d 209, 3 OBR 238, 444 N.E.2d 412 the court stated in its syllabus as follows:

"*Pro se* civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Id.* at syllabus.

The Fourth Appellate District adopted a more liberal rule in *Karmasu v. Tate* (Sept. 15, 1994), Scioto App. No. 94 CA 2217, unreported, 1994 WL 521235, appeal dismissed (1995), 71 Ohio St.3d 1464, 644 N.E.2d 1386. It held that *pro se* litigants should not be held to the same standard as attorneys, and that it is preferable that cases should be decided on their merits rather than dismissed on minor technicalities.

The Eighth Appellate District appears to have taken an intermediate position. In *Delaney v. Cuyahoga Metro. Hous. Auth.* (July 7, 1994), Cuyahoga App. No. 65714, unreported, 1994 WL 326097, the court quoted the syllabus of the *Meyers* case for the proposition that *pro se* litigants are bound by the same rules as those litigants who are represented by an attorney. However, it then stated, "Nevertheless, this appellate court will ordinarily indulge a *pro se* litigant when there is some semblance of compliance with the appellate rules."

In the absence of controlling precedent in this district, I find that the rule as stated in *Karmasu, supra,* affording greater latitude to *pro se* litigants should be followed. However, even if the stricter standard of *Meyers* is applied to the facts of this case, there can still be no finding of frivolous conduct on the part of the Hillyers.

■ The Hillyers filed *pro se* pleadings that contained nine claims arising out of the same conduct of the defendants. Such "shotgun" pleadings, while not to be encouraged, are not prohibited by the law of Ohio. Often a single action can give rise to different claims based upon different theories of recovery with different statutes of limitations. In addition, the Ohio Rules of Civil Procedure are based upon notice pleading, along with extensive provisions for pretrial discovery. Given the interplay of these factors, it is common for attorneys to file several different claims for relief in a complaint and then to reduce the number of claims before trial depending upon the results of their pretrial discovery. This is what was done by the Hillyers in this case. The actions required of the movants to

defend against the Hillyers' *pro se* claims were substantially the same regardless of whether the plaintiffs had proceeded on one claim or on all nine claims. Applying an objective standard to the action of the Hillyers, and also judging them by standards to be applied to attorneys, I find that their actions prior to August 1, 1994, were not frivolous.

After August 1, 1994, the Hillyers through their attorney proceeded on the basis of an abuse of process claim. This court found that there was sufficient basis for that claim to withstand the defendants' motion for summary judgment. That claim was dismissed pursuant to Civ.R. 41(A) on the day of trial. A party has an absolute right to dismiss a case without prejudice under Civ.R. 41(A), and such conduct does not constitute frivolous conduct. *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 675, 590 N.E.2d 1214, 1217; *Kester v. Rodgers, supra.* Thus, applying the same objective standard to the actions of the Hillyers and their attorney, I find that their actions after August 1, 1994, were not frivolous.

Apart from the merits of the frivolous conduct claim, an independent reason exists for the denial of the motion for attorney fees in this case. The original complaint named as defendants Paul E. O'Reilly and the "Managing Partner" of Crandall, Pheils, & Wisniewski. The answer filed on behalf of those defendants identifies David R. Pheils, Jr. as the managing partner of Crandall, Pheils & Wisniewski. Those defendants now seek attorney fees on behalf of attorneys Paul E. O'Reilly and David R. Pheils, Jr.

R.C. 2323.51(B)(1) states that "the court may award reasonable attorney's fees to any *party* to that action adversely affected by frivolous conduct." (Emphasis added.) This section has been construed to prohibit the recovery of attorney fees by a *pro se* litigant. *State ex rel. Freeman v. Wilkinson* (1992), 64 Ohio St.3d 516, 517, 597 N.E.2d 126, 127. The movants, in an apparent attempt to avoid this rule, contend that attorney O'Reilly represented Crandall, Pheils & Wisniewski and attorney Pheils represented attorney O'Reilly. While such an argument is ingenious, it exalts form over substance and must be rejected. R.C. 2323.51(B)(1) does not permit the movants in this case to recover attorney fees, even if it is assumed that the conduct of the Hillyers and their counsel was frivolous.

### III

The movants have requested an evidentiary hearing on their frivolous conduct motion. The Sixth District Court of Appeals has held:

"In this jurisdiction, a trial court is not required to hold an R.C. 2323.51(B)(2) hearing 'where the court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless,

or redundant.'" *Glass City Bolt & Nut Co. v. Kar Kare Body Shop,* (Dec. 30, 1993), Lucas App. No. L–93–158, unreported, 1993 WL 553611, quoting *Huddy v. Toledo Oxygen Equip. Co.* (May 8, 1992), Lucas App. No. L–91–328, unreported, 1992 WL 95391. See, also, *Freeman, supra,* 64 Ohio St.3d at 517–518, 597 N.E.2d at 126–127.

I find that an evidentiary hearing would be perfunctory, meaningless, redundant, and pointless. For that reason the request for hearing must be denied.

## JUDGMENT ENTRY

The motion of defendants Paul E. O'Reilly and Crandall, Pheils & Wisniewski for assessment of costs and attorney fees pursuant to R.C. 2323.51 is found not well taken and is ordered denied.

It is further ordered that the request for an evidentiary hearing under R.C. 2323.51 of defendants O'Reilly and Crandall, Pheils & Wisniewski is found not well taken and is ordered denied.

*Motion denied.*