OPINION
The appellant, Tobias H. Elsass ("appellant"), appeals the judgment of the Marion County Court of Common Pleas awarding sanctions to the appellees, Michelle Chatfield and Jean Landes ("appellees"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. On September 9, 1998, the appellant, at that time a licensed attorney in the State of Ohio,[1] filed a complaint on behalf of Diane and Ray Chatfield and David Shoaf ("plaintiffs"). The complaint alleged that the appellees filed a complaint with the Marion County Juvenile Court asserting that David Shoaf inappropriately touched Erica Chatfield.[2] The complaint charged the appellees with intentional, wanton and willful conduct. On September 17, 1999, the plaintiffs, no longer represented by the appellant, dismissed their complaint against the appellees.
On October 6, 1999, the appellees filed a motion for sanctions against the appellant pursuant to R.C. 2323.51. The appellees alleged that the filing of the original complaint constituted frivolous conduct. On December 24, 1999, the appellant filed a motion for sanctions against the appellees and their attorneys. A hearing on both motions was held on January 7, 2000. The appellees presented evidence to support their motion against the appellant. The appellant failed to appear for the hearing. At the conclusion of the hearing, the trial court granted the appellees' motion and entered a judgment against the appellant. The court found that the complaint filed in the original action contained allegations that were not true, the veracity of which could have been verified by the appellant. The court found this to constitute frivolous conduct and held the appellant responsible for the attorney fees incurred by the appellees.
While the appellant did not appear and therefore did not present evidence in support of his motion, the court considered the record, pleadings, its own recollections, and evidentiary materials submitted with the motion in determining that the appellant's motion lacked merit. It is from this judgment that the appellant now appeals, asserting sixteen assignments of error.
Several of the appellant's assignments raise the same issues. Therefore, in the interest of clarity and brevity, the assignments will be addressed out of numerical order and several assignments will be addressed simultaneously.
Assignment of Error No. 10
 The court erred in not granting appellant's 60(B) motion filed January 14, 2000, when the court was aware of the service problems regarding the hearing held January 7, 2000.
 Assignment of Error No. 11
 The court erred in holding a hearing on the attorney fees without proper notice to appellant.
 The appellant alleges that he was not provided with notice of the sanction hearing until after the hearing had already commenced and therefore, is entitled to relief from judgment under Civ.R. 60(B). The appellant filed a Civ.R. 60(B) motion in the trial court on January 14, 2000. The appellant asserted that it is obvious from the facts that a mistake had occurred in this case and the judgment of the trial court must be set aside. The trial court overruled the appellant's motion on February 1, 2000. For the following reasons, we affirm the judgment of the trial court.
When reviewing a trial court's determination on a Civ.R. 60(B) motion for relief, we must apply an abuse of discretion standard.In re Whitman (1998), 81 Ohio St.3d 239, 241. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment. Id. citing GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
The appellant cites mistake as the grounds for his motion. He alleges that he was never provided with notice of the January 7, 2000 hearing date. However, the record clearly reflects that the appellant was not only notified of the date, but that he reiterated that date to the court on three separate occasions. On November 30, 1999, the appellant was sent a hearing notice informing him that the hearing had been reset for January 7, 2000 at 9:30 A.M. On December 17, 1999, the appellant filed a motion entitled "Motion to Continue the Trial Date of January 7, 2000." On December 22, 1999, the trial court overruled the appellant's motion for a continuance. On December 29, 1999, the appellant filed a motion for sanctions against the appellees and their attorneys. Attached to that motion was a notice of hearing in which the appellant stated that the following.
 Please take notice that the a Motion for Sanctions filed by Tobias H. Elsass will come on for hearing on January 7, 2000 at 9:30 A.M. Said hearing is anticipated to last two to three days.
 Along with this motion, the appellant enclosed a letter to the Marion County Clerk of Courts. In the letter, the appellant stated, "I am consolidating the hearing on this motion with the hearing currently scheduled for January 7, 2000 at 9:30 A.M."
The record clearly reveals that the appellant did in fact have notice of the hearing. Therefore the appellant's Civ.R. 60(B) motion was without merit. The trial court was correct in holding the hearing on January 7, 2000 and did not abuse its discretion in denying the appellant's Civ.R. 60(B) motion.
Accordingly, the appellant's tenth and eleventh assignments of error are overruled.
Assignment of Error No. 1
 The trial court erred in dismissing Elsass' sanctions filed against Attorney David H. Lowther and Daniel E. Shifflet filed on December 24, 1999.
 The appellant contends that the trial court erred in dismissing his motion for sanctions without conducting a hearing or giving notice to the parties affected. For the following reasons, we disagree.
The appellant filed a motion for sanctions against the counsel for appellees, David H. Lowther and Daniel E. Shiflett, on December 24, 1999. The appellant was no longer a licensed attorney at that time and furthermore, filed this motion as a pro se litigant. R.C. 2323.51 provides for attorney fees, not compensation for pro se litigants. Freeman v. Wilkinson (1992)65 Ohio St.3d 307. A separate hearing to make that determination would have been pointless. Id.
Accordingly, the appellant's first assignment of error is overruled.
Assignment of Error No. 2
 The court erred in permitting the release and dismissal of the Plaintiffs Ray and Diane Chatfield as co-tortfeasors.
 The appellant alleges that the trial court erred in dismissing Ray and Diane Chatfield from the motion for sanctions filed by the appellees. For the following reasons, we disagree.
At the beginning of the hearing on January 7, 2000, the appellees voluntarily dismissed Ray and Diane Chatfield from this case. Civ.R. 41(A) clearly provides that an action may be dismissed by the plaintiff without order of the court. Approval of the trial court was not required, nor given, in order for Ray and Diane Chatfield to be dismissed from this matter. The appellant's contention is without merit.
Accordingly, the appellant's second assignment of error is overruled.
Assignment of Error No. 3
 The court erred in ruling that no juvenile action was filed when no witness nor evidence was presented evidencing the lack of a juvenile action.
 Assignment of Error No. 4
 The court erred in awarding sanctions against the appellant when no factual evidence was presented as to the underlying juvenile action and the circumstances resulting in plaintiff's filing of the complaint against the defendant.
 Assignment of Error No. 5
 The court erred in determining that a complaint to juvenile court must be by paper filing.
 Assignment of Error No. 6
 The court erred in awarding damages of attorney fees against the appellant for the entire case representation of counsel for Defendants Michelle Chatfield and Jean Landes.
 Assignment of Error No. 8
 The court erred in awarding attorney fees to Michelle Chatfield when the evidence clearly indicated the fees were not paid and no evidence demonstrated that fees were due or that Michelle Chatfield and Jean Landes were obligated for the fees.
 Assignment of Error No. 9
 The court erred in awarding all the attorney fees to defendants' attorneys as a judgment against the appellant when Co-Defendant Jean Landes never testified or verified the fees as her obligation.
 Assignment of Error No. 14
 The court erred in not obtaining testimony at the sanction hearing on January 7, 2000, of the underlying case to clearly establish whether the alleged action was frivolous.
 The appellant's third, fourth, fifth, sixth, eighth, ninth and fourteenth assignments of error all address the sufficiency of the evidence and will therefore be addressed simultaneously. The appellant asserts that the evidence was not sufficient to support the granting of the motion for sanctions. For the following reasons, we disagree.
In determining whether a trial court erred in finding frivolous conduct pursuant to R.C. 2323.51(A)(2)(a), an appellate court must consider whether there was sufficient evidence to support the trial court's determination. Masturzo v. Revere Rd. Synagogue
(1994), 98 Ohio App.3d 347. In C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, the Supreme Court of Ohio set forth the standard for testing the sufficiency of evidence in a civil matter:
 "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence."
The appellant alleges that no testimony was presented to verify whether or not Michelle Chatfield went to the Juvenile Court and discussed the alleged abuse of her daughter. There was also no evidence concerning Ray and Diane Chatfield's knowledge of Michelle's allegations. The appellant claims that evidence of these facts exist, but were not presented at the hearing. Furthermore, the appellant claims that there was no evidence presented as to the amount the appellees owed in attorney fees.
As previously determined, the appellant had adequate notice of the date of the evidentiary hearing and failed to appear. The failure of the appellant to present evidence in his defense is not error assignable to the trial court. The record reveals that Jackie Adkins, a clerk for the Marion County Juvenile Court, testified at the hearing. Ms. Adkins stated that the Juvenile Court had no record of a complaint being filed in either the name of Erica Chatfield or David Shoaf. She further testified that while the records are confidential, an attorney would be able to discover whether or not a complaint had been filed against an individual.
The record also reveals a Notice of Service of Evidence of Attorney Fees filed with the court on January 4, 2000. The Appellee Michelle Chatfield testified that the statement of fees reflected the fees she and her mother, Jean Landes, incurred in defending the complaint filed against them by the appellant. Mr. Dusty Redmond, a licensed attorney, testified as to the reasonableness of those fees. Mr. Redmond indicated that he had been practicing law for twenty-three years, the last thirteen in Marion County and that the fees charged by the appellees' counsel were reasonable. He also testified that the legal actions taken were necessary in defending a lawsuit of this nature.
The trial court found that the appellant's actions constituted frivolous conduct pursuant to R.C. 2323.51(A)(2)(a)(iii) as "allegations or other factual contentions [which] have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." The trial court also found that the services rendered and the attorney fees assessed were reasonable and necessary. A careful review of the record clearly reveals that sufficient evidence exists to support the judgment of the trial court. Therefore, the appellant's third, fourth, fifth, sixth, eighth, ninth and fourteenth assignments of error are not well taken and are overruled.
Assignment of Error No. 7
 The court erred in determining that Attorney Dustin Redmond Jr. was an expert witness and in permitting him to testify.
 The appellant alleges that the trial court erred in allowing Dustin Redmond to be declared an expert witness. First, no objection was made to Redmond's testimony at the hearing. Therefore, this issue has not been properly preserved for appeal. Wilkins v. Wilkins (Aug. 3, 1995), Allen App. No. 1-95-5, unreported. Furthermore, the record clearly supports the decision of the trial court.
Accordingly, the appellant's seventh assignment of error is overruled.
Assignment of Error No. 12
 The court erred in awarding fees to defendants when the original action was based upon their own misconduct.
 The appellant asserts that the trial court erred in granting the motion for sanctions. As stated above, the record in this matter clearly supports the judgment of the trial court.
Accordingly, the appellant's twelfth assignment of error is not well taken and is overruled.
Assignment of Error No. 13
 The court erred in its decision of December 22, 1999, prohibiting the appellant from having a jury trial; prohibiting the appellant from presenting expert testimony in defense of the motion for sanctions.
 The appellant requested that the sanction hearing be heard by a jury and that he be permitted to present expert testimony on the issue of the frivolous nature of the pending motion. The appellant now contends that the trial court erred in denying these requests. This Court declines to address these issues, as they have been rendered moot by the appellant's failure to appear for the hearing.
Accordingly, the appellant's thirteenth assignment of error is not well taken and is overruled.
Assignment of Error No. 15
 The court's judgment entry of January 7, 2000, is defective due to the court's failure to determine that the motion for sanctions was properly filed pursuant to the mandates of O.R.C. Section 2323.51 within 21 days after judgment was filed and establishing that appellant was served with the judgment entry.
The appellant claims that the statutory time limits were not complied with in this matter. R.C. 2323.51 provides that a party has twenty-one days after the entry of judgment in a civil action to file a motion for sanctions. The record clearly reflects that the motion for sanctions against the appellant was filed within the prescribed time limit. Therefore, the appellant's contention is without merit.
Accordingly, the appellant's fifteenth assignment of error is overruled.
Assignment of Error No. 16
 Judge Richard M. Rogers erred in not recusing himself when the evidence in the case was clear that he was biased and prejudiced against the appellant.
 The appellant contends that the trial judge erred in not recusing himself. The appellant filed an affidavit of disqualification with the Chief Justice of the Supreme Court of Ohio. On January 4, 2000, Chief Justice Moyer found the appellant's affidavit not well taken. The appellant now seeks to have this court review the judgment of the Chief Justice.
Only the Chief Justice of the Ohio Supreme Court or his designee has the authority to pass upon the disqualification of a common pleas court judge. Beer v. Griffith (1978), 54 Ohio St.2d 440; State v. Dougherty (1994), 99 Ohio App.3d 265. Thus, a court of appeals is without authority to render a decision as to disqualification or to void a trial court's judgment on this basis. Id. Furthermore, the Supreme Court has found that when the Chief Justice dismisses an affidavit of disqualification as not well taken, "the Chief Justice's ruling is res judicata as to the question." State v. Getsy (1998), 84 Ohio St.3d 180.
Accordingly, the appellant's sixteenth assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
 WALTERS and KOEHLER, JJ., concur.
(RICHARD N. KOEHLER, J., retired, of the Twelfth Appellate District, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution and sitting by assignment in the Third Appellate District.)
[1] The Supreme Court of Ohio has since indefinitely suspended the appellant from the practice of law.
[2] Erica Chatfield is the daughter of Appellee Michelle Chatfield and Ray Chatfield. David Shoaf is the son of Diane Chatfield and the stepson of Ray Chatfield.