DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Joyce Mikhael, appeals from the judgment of the Summit County Court of Common Pleas, which granted attorney fees for Appellees, David Gallup, et al. This Court affirms.
 I. {¶ 2} On October 10, 2003, Appellees David Gallup, David B. Gallup, L.P.A., and Kenneth Burns ("Gallup, Burns Associates") on behalf of their clients, Appellees James and Anita Scelza, filed a breach of contract action against Appellant for her breach of a real estate purchase agreement. Thereafter, on December 5, 2003, Appellant filed suit against Appellees for intrusion in seclusion, libel and slander, and intentional infliction of emotional distress. Appellant's cause of action arose from a claim letter that Mr. Gallup sent to her on behalf of the Scelzas, regarding her alleged breach of the real estate purchase agreement.
 {¶ 3} Appellant originally filed suit against only Gallup, Burns Associates. The trial court later permitted her leave to amend her complaint to include the Scelzas as co-defendants. On October 18, 2004, Appellees filed a renewed motion for summary judgment and motion for judgment on the pleadings. On October 27, 2004, Appellant filed a motion to compel answers to interrogatories. Thereafter, Appellees filed motions for sanctions and for a protective order. On November 11, 2004, Appellant filed a motion to disqualify Gallup, Burns Associates as attorneys of record. On November 17, 2004, Appellant filed a response to Appellees' motion for summary judgment. The trial court granted Appellees' summary judgment motion on May 18, 2005. Appellees then filed a motion for attorney's fees on June 2, 2005. The trial court held a hearing on the motions on August 3, 2005. Appellees' motions for sanctions and attorney's fees alleged that Appellant and her counsel had (1) filed a frivolous lawsuit, (2) filed the lawsuit without serving Appellees for more than three months, (3) filed a baseless motion to compel, (4) needlessly joined the Scelzas as defendants and (5) filed a baseless motion to disqualify Mr. Gallup and his law firm as counsel.
 {¶ 4} In an order dated October 28, 2005, the trial court awarded Appellees $8,900.00 in attorney's fees. Appellant filed a timely notice of appeal, raising one assignment of error for review.
 II. APPELLANT'S ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN HOLDING A HEARING AND AWARDING ATTORNEY FEES TO A PROSE [SIC] LITIGANT UNDER R.C. 2323.51 AND CIVIL RULE 11."
 {¶ 5} In her sole assignment of error, Appellant contends that the trial court erred in holding a hearing and awarding attorney's fees to a pro se litigant under R.C. 2323.51 and Civ.R. 11. We disagree.
 {¶ 6} A trial court's decision to grant or to deny a request for attorney fees under R.C. 2323.51 or Civ.R. 11 will not be disturbed absent an abuse of discretion. Lewis v. CelinaFinancial Corp. (1995), 101 Ohio App.3d 464, 471. An abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} The trial court found that Appellees were entitled to legal fees because they had lost opportunities as a result of their defense of this action. Specifically, the trial court stated: "[a]n opportunity cost is associated with the defense of this lawsuit — had the Defendants not been sued, Defendant Gallup and his lawfirm would have been able [to] use these 44.5 hours on behalf of their other clients." The trial court provided no legal support for their "opportunity cost" analysis.
 {¶ 8} We find no legal authority for the trial court's reliance on the "opportunity cost" theory. However, while we find error in the trial court's reasoning for awarding attorney's fees under R.C. 2323.51 and Civ.R. 11, we find no error in the trial court's decision to award attorney's fees.
 {¶ 9} Under R.C. 2323.51(A)(2)(a), damages for frivolous conduct may be awarded under the following conditions:
"(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
"(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
"(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
"(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."
 {¶ 10} Under, Civ.R. 11, costs and attorney's fees may be awarded to an attorney or pro se party under the following conditions:
"The signature of an attorney * * * constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." (Emphasis sic.)
 {¶ 11} Appellant relies on State ex rel. Freeman v.Wilkinson (1992), 64 Ohio St.3d 516, wherein a pro se litigant who was a prison inmate filed a complaint for peremptory writ of mandate, along with a motion for attorney fees. The Supreme Court affirmed the dismissal of the pro se litigant's motions and held that appellant, an inmate and pro se litigant, was not entitled to attorney fees because "R.C. 2323.51 provides for attorney fees, not compensation for pro se litigants." Id. at 517.
 {¶ 12} Appellant additionally relies on Kay v. Ehrler
(1991), 499 U.S. 432. The pro se litigant in Kay was an attorney who brought a civil rights action challenging Kentucky statutes governing presidential preference primaries. The trial court entered judgment in favor of the attorney litigant but denied his request for fees. The Sixth Circuit affirmed. See Kayv. Ehrler, 900 F.2d 967 (C.A.6, 1990). Upon review, the Supreme Court affirmed, holding that pro se litigants who are also attorneys are not entitled to attorney's fees under the Civil Rights Attorney's Fees Award Act. See 42 U.S.C. 1988. The Court reasoned that
"it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988. Although this section was no doubt intended to encourage litigation protecting civil rights, it is also true that its more specific purpose was to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." (Footnotes omitted.) Kay, 499 U.S. at 436.
 {¶ 13} We find Freeman and Kay distinguishable from the within matter. In contrast to Mr. Gallup, the litigant inFreeman was not an attorney. Further, unlike the litigants inFreeman and Kay who initiated litigation to pursue their own interests, Mr. Gallup was only involved in this litigation as a result of his representation of the Scelzas in a related matter. Moreover, although Mr. Gallup represented himself, he also represented his colleagues and the Scelzas.
 {¶ 14} Appellees contend that this Court should adopt the reasoning of the First Circuit Court of Appeals in Schneider v.Colegio De Abogados De Puerto Rico, 187 F.3d 30 (1st Cir. 1999). In Schneider, the First Circuit held that Kay did not preclude recovery of fees by an attorney who was both plaintiff and counsel where he was not the only plaintiff and where the fees incurred by the plaintiffs would be essentially the same, whether or not the attorney in question was also a plaintiff. We find the following reasoning from Schneider particularly helpful to our analysis:
"This case is not Kay because Schneider was involved in an attorney-client relationship throughout this litigation, representing both himself and Héctor R. Ramos-Díaz. The attorney-client relationship imposed an ethical obligation on Schneider to consider the interests of his client at all times and exercise his best professional judgment, thus satisfying the concerns underlying Kay's requirement of an attorney-client relationship." (Footnotes omitted.) Schneider,187 F.3d at 39-40.
 {¶ 15} Appellant contends that Schneider is limited to civil rights actions where fees are awarded to the victorious plaintiff to alleviate the burden of litigation costs to allegedly wronged plaintiffs. She argues that Schneider is inapplicable to the within matter where Appellees requested attorney's fees for Mr. Gallup's representation of other parties yet Mr. Gallup did not charge or collect a fee from his clients.
 {¶ 16} In DiPaolo v. Moran (E.D.Pa. 2003),277 F.Supp.2d 528, the Eastern District of Pennsylvania applied Schneider in finding that an attorney litigant could recover fees under F.R.C.P. 11 and 28 U.S.C. 1927 incurred in defending his law firm, but was prohibited from recovering fees "generated as a result of defending himself." Id. at 536. The court noted that the language of F.R.C.P. 11[1] implies an attorney-client relationship and the accumulation of fees as prerequisites to the recovery of fees. The court went on to explain that the primary concern in permitting a pro se attorney to recover fees is that:
"[b]ecause a party proceeding pro se cannot have incurred attorneys' fees as an expense, a district court cannot order a violating party to pay a pro se litigant a reasonable attorney's fee as part of a sanction. * * * [T]he word `attorney' generally assumes some kind of agency (that is, attorney/client) relationship. The fees a lawyer might charge himself are not, strictly speaking, `attorney's fees.'" [Internal citations and internal quotations omitted]. Id. at 535.
Those concerns were not implicated in DiPaolo. The DiPaolo
court explained that "by representing his law firm, [the attorney litigant] created an attorney-client relationship, thereby diminishing, if not eviscerating, the primary reasoning for [prohibiting a pro se attorney from recovering fees]." Id. at 536.
 {¶ 17} We find the DiPaolo court's reasoning applicable to this matter. This case would be markedly different if Mr. Gallup had been the only litigant below. He was not. There can be no dispute that Mr. Gallup represented the Scelzas and his colleagues throughout this litigation. Therefore, the fees Mr. Gallup incurred would essentially be the same whether or not he was also a litigant. As in DiPaolo, the policy reasons for prohibiting an attorney litigant from recovering fees are not present here.
 {¶ 18} Appellant additionally argues that Appellees are not entitled to attorney's fees because Mr. Gallup did not actuallycollect attorney fees and had no agreement to collect such fees from the Scelzas. Appellant cites R.C. 2323.51(B)(3) for the proposition that Civ.R. 11 and R.C. 2323.51 require the actual payment or agreement to pay attorney fees as a prerequisite to recovery of attorney fees.
 {¶ 19} R.C. 2323.51(B)(3) provides:
"The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:
"(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;
"(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party." (Emphasis added.)
Appellant cites no additional authority for the proposition that without the collection of fees or an agreement to collect fees there can be no award under R.C. 2323.51.
 {¶ 20} Mr. Gallup admittedly had no written agreement and did not collect fees from the Scelzas or his partners to defend them in the within matter. Mr. Gallup testified as such:
Q. "From any of the material that's filed in this case, either from any of the people you purport to represent, do you have — you have already mentioned in your testimony you have no written — you have no written agreement from the Scelzas in this particular matter.
A. "As far as fees, we do have an oral agreement, as I indicated.
Q. "You also mentioned anyways you wouldn't be asking — they are not obligated to pay.
A. "I would not do that to them.
Q. "In relation then to the — other than yourself, there are your partners listed, and do you have any written agreement with them for you to represent them?
A."Nothing in writing, no.
Q. "And do they have to pay your bill?
A." I would not do that to them anymore than I would do it to the Scelzas."
 {¶ 21} Under our reading of R.C. 2323.51(B)(3), Mr. Gallup can recover any fees "reasonably incurred" in defense of this litigation. The fact that Mr. Gallup chose not to "collect" from the Scelzas for his defense of the within matter is not dispositive. Mr. Gallup "incurred" legal fees through his work on behalf of the Scelzas and his colleagues and was entitled to charge them for these fees if he so decided.
 {¶ 22} We find no abuse of discretion in the court's decision to award attorney fees to Appellees under either R.C. 2323.51 or Civ.R. 11. Consequently, we find no abuse of discretion in the trial court's decision to hold a hearing regarding these fees. Appellant's sole assignment of error is overruled.
 III. {¶ 23} Appellants' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. concur.
[1] Federal Civil Rule 11 is substantially similar to Ohio Civil Rule 11.