McCLURE et al., Plaintiffs,

v.

FISCHER ATTACHED HOMES et al., Defendants.

[2008-Ohio-2677.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2006 CVH 1807.

Decided March 31, 2008.

Charles and Shirley McClure, pro se.

Frost Brown Todd, L.L.C., Amy Combs, and Stephen M. Gracey, for defendant Mort Simpson.

Cuni, Ferguson & LeVay, Mehrin Doolin, and Mark Wilder, for Mark Wilder.

HADDAD, Judge.

{¶ 1} This cause is before the court for a determination of reasonable attorney fees to be awarded to the defendants Mark Wilder of Cuni, Ferguson and LeVay, and Mort Simpson. Upon consideration of the oral arguments of the parties, the evidence presented in the pending case, the affidavits, and pursuant to the Relief from Stay issued by the Bankruptcy Court, the court now renders the following decision.

## FINDINGS OF FACT

### Defendant Mark Wilder of Cuni, Ferguson & LeVay

{¶ 2} The defendant's motion for attorney fees was premised upon R.C. 2323.51, which provides that "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1). In a written decision filed on March 5, 2008, the court determined that the plaintiffs' conduct in this case constituted

frivolous conduct under R.C. 2323.51; therefore, Wilder is entitled to an award of reasonable attorney fees.

### Defendant Mort Simpson

{¶ 3} Simpson's motion for attorney fees was premised upon the "bad faith" exception to the general rule that a party to a civil action is responsible for his or her own attorney fees. In the same written decision, filed on March 5, 2008, the court determined that the plaintiffs' conduct in this case satisfied the bad-faith exception to the general rule; therefore, the court found that Simpson is entitled to an award of reasonable attorney fees.

### LEGAL STANDARD

{¶ 4} In order to determine the amount of reasonable attorney fees in any given case, the court must first multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *IBEW, Local Union No. 8 v. Hyder* (June 23, 2006), Wood App. No. WD–05–084, 2006-Ohio-3177, 2006 WL 1718514, ¶ 14, citing *Bittner v. Tri–County Toyota* (1991), 58 Ohio St.3d 143, 145, 569 N.E.2d 464. See also *Moore v. Vandemark Co., Inc.* (August 16, 2004), Clermont App. No. CA2003–07–063, 2004-Ohio-4313, 2004 WL 1829585, ¶ 27, also citing *Bittner*, supra. This initial determination may then be modified upon a consideration by the court of the factors contained in DR 2–106. *Hyder*, supra, at ¶ 14; *Moore*, supra, at ¶ 27. The court notes that effective February 1, 2007, the disciplinary rules that were in effect in Ohio have been superseded by the Ohio Rules of Professional conduct. However, DR 2–106 and Rule 1.5(A) of the Ohio Rules of Professional Conduct are analogous and provide as follows:

(a) A lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee. A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

Ohio Rule of Professional Conduct 1.5(A).

## LEGAL ANALYSIS

### *Mark Wilder of Cuni, Ferguson & LeVay*

{¶ 5} Wilder presented an affidavit to the court on March 18, 2008, stating that he is the attorney for himself. Included in his affidavit is an itemized table of all fees and costs incurred in this case. Wilder also presented the testimony from an expert witness, G. Perry Robert Hines, as to the reasonableness of fees in this case. Wilder then testified on his own behalf as to his background and experience in the field of law.

{¶ 6} Hines, a local real estate attorney, has been licensed to practice law in the state of Ohio since November 1975. He testified that based upon a thorough review of the detailed time billings submitted by Wilder, as well as the litigation file for this case, it was his opinion that the hours billed reasonably represent the services that were required by Wilder. He further testified that the hourly rate charged is commensurate with Wilder's experience in the legal profession and the skills necessary for the defense of this action. Hines also testified that the cost of his personal services is $225 per hour, with nine and one half hours billed; however, Hines capped his total fee at $900, to be divided equally between Wilder and Simpson.

{¶ 7} Wilder testified that he has been with the firm of Cuni, Ferguson & LeVay for five and one half years and has been licensed to practice law in the state of Ohio for approximately nine years. Wilder stated that his primary focus at the firm is real estate law. He further testified that he is involved regularly in cases pertaining to foreclosures, homeowner associations, condominium associations, landlord-tenant issues, and mechanic's liens. Wilder testified that his fee in a contested case is $170 per hour, as is the fee of his co-counsel, Mehrin Doolin, and that both of them charge on the tenths of the hour.

{¶ 8} Additionally, both Wilder and Hines testified that this case was novel and labor-intensive in that there were numerous filings by the plaintiffs in this action, all of which required a response by the defendant. Wilder testified that his client in this action was the law firm of Cuni, Ferguson & LeVay and that his representation of the firm in this matter precluded him from working on other matters for the firm. He also testified that the proof of claim filed in the plaintiffs' bankruptcy action was filed on behalf of the firm and not on behalf of

Wilder. He further testified that any fees obtained in this action would go to the firm and not to himself.

{¶ 9} Wilder is requesting attorney fees billed through March 14, 2008, as well as the fees incurred for the hearing on the reasonableness of attorney fees and the fee charged by his expert, Hines. In total, the defendant is requesting approximately $7,114.

{¶ 10} Before the court determines whether the fees charged by Wilder in this case are reasonable, it must first determine whether, as a potential pro se litigant, the defendant can collect attorney fees in this case. The Ohio Supreme Court, in *State ex rel. Freeman v. Wilkinson* (1992), 64 Ohio St.3d 516, 597 N.E.2d 126, has held that R.C. 2323.51 provides for attorney fees, not compensation for pro se litigants. Id. at 517, 597 N.E.2d 126. The court of appeals in that case had noted that the defendant was not a licensed attorney, but was instead a pro se litigant; therefore, attorney fees were denied in that case. *Freeman v. Wilkinson* (1992), 65 Ohio St.3d 307, 309, 603 N.E.2d 993. The court, however, finds *Freeman* to be distinguishable in that the litigant in Freeman was not a licensed attorney.

{¶ 11} The Lucas County Court of Common Pleas, in *Hillyer v. Roth* (1995), 74 Ohio Misc.2d 127, 660 N.E.2d 534, has interpreted *Freeman* to stand for the proposition that a pro se litigant, even if he is a licensed attorney, is not permitted under R.C. 2323.51 to recover attorney fees. In that case, the Roth Insurance Agency filed a claim against the Hillyers for advances made for premiums due Seneca Insurance Company. Roth, the plaintiff, was represented by Paul O'Reilly. The court in that action found in favor of the defendants, the Hillyers. The Hillyers then filed a pro se action against O'Reilly (the attorney in the first case) and the managing partners of O'Reilly's law firm, as well as five other named defendants. The Hillyers eventually dismissed the action pursuant to Civ.R. 41(A). The answer filed by the law firm identified David Pheils Jr. as the managing partner of the firm. The firm and O'Reilly then sought attorney fees on behalf of O'Reilly and Pheils. The movants attempted to argue that O'Reilly represented the firm and that Pheils represented O'Reilly. The court found this argument to be ingenious, but exalted form over substance and rejected the motion. The court determined that R.C. 2323.51 and *Freeman* precluded the recovery of attorney fees for pro se litigants, even when the underlying conduct of the plaintiffs is frivolous. The court notes that unlike in this case, the firm and O'Reilly were essentially trying to collect fees for O'Reilly's representation, as well as Pheils's. In the case at hand, Wilder is attempting to collect only those fees that he incurred on behalf of his firm, which was named in the complaint.

{¶ 12} The Ninth District Court of Appeals was faced with a similar issue in *Mikhael v. Gallup*, Summit App. No. 22992, 2006-Ohio-3917, 2006 WL 2141177. In that case, Gallup and his firm filed a breach-of-contract action on behalf of their clients, the Scelzas, for the appellant's breach of a real estate contract. Later, in a separate case, the appellant filed suit against Gallup's firm for intrusion in seclusion, libel, and slander. She then amended her complaint to include the Scelzas as codefendants. The trial court granted the defendants' motion for summary judgment, and the defendants sought attorney fees under R.C. 2323.51. The trial court awarded $8,900 in fees based upon an opportunity cost analysis. The trial court determined that since the Gallup firm lost opportunities as a result of their representation of the Scelzas, they were entitled to reasonable attorney fees. The trial court found that had the defendants not been sued, Gallup and his firm would have been able to use these hours on behalf of other clients. The court of appeals found no basis for the opportunity cost theory, but found no error in the decision to award fees.

{¶ 13} The court determined that *Freeman* was distinguishable in that, in contrast to the defendant in *Freeman*, Gallup was a licensed attorney. Further, the litigant in Freeman initiated the litigation in an effort to pursue his own interest, whereas Gallup was involved only as a result of his representation of the Scelzas in a related matter. Moreover, the court determined that Gallup represented himself, but he also represented his colleagues and the Scelzas.

{¶ 14} The *Mikhael* court found the case of *DiPaolo v. Moran* (E.D.Pa.2003), 277 F.Supp.2d 528, to be persuasive. The court in DiPaolo explained that "by representing his law firm, [the attorney litigant] created an attorney-client relationship, thereby diminishing, if not eviscerating, the primary reasoning for [prohibiting a pro se attorney from recovering fees]." *Mikhael*, 2006-Ohio-3917, 2006 WL 2141177, at ¶ 16, citing *DiPaolo* at 536.

{¶ 15} The court finds the *Mikhael* and *DiPaolo* cases persuasive. The court first notes that Wilder's involvement in the current action was a result of Cuni, Ferguson & LeVay's representation of Villas in the Park Homeowners Association, which is also a defendant in this action, in a related matter. Moreover, while it could be argued that Wilder represented himself in this matter, the testimony indicates that Wilder's client was instead the firm of Cuni, Ferguson & LeVay. He testified that his representation of the firm precluded him from taking on other clients. Further, any receipt of attorney fees will go the firm of Cuni, Ferguson & LeVay, and not Wilder. The proof of claim, which was filed in the bankruptcy action, was filed on behalf of the firm and not Wilder.

{¶ 16} The court further notes that the complaint was filed against Mark Wilder of Cuni, Ferguson & LeVay and was served at the firm's address. This indicates to the court a desire on the part of the plaintiffs to sue the firm through

Wilder, as its representative, due to their involvement in a related case, Clermont County Common Pleas case No. 2006 CVH 0027. The court notes that the plaintiffs did not dispute at the hearing that they intended for the firm to be held liable for any action taken by Wilder in 2006 CVH 0027.

{¶ 17} Therefore, based upon the foregoing facts and the holding of the Ninth District Court of Appeals in *Mikhael*, the court finds that there can be no dispute that Wilder represented his colleagues at the firm of Cuni, Ferguson & LeVay in this matter. Since the firm was named as a defendant in this action, the fees Wilder incurred would essentially be the same even if he were also a litigant. The policy reasons for prohibiting an attorney litigant from recovering fees are simply not present in this case.

{¶ 18} Since the court has determined that the firm of Cuni, Ferguson & LeVay, represented by Wilder, is entitled to attorney fees in this case, it must now determine whether those fees charged were reasonable. The court finds that pursuant to the testimony of Hines and Wilder, the number of hours expended by Wilder in this case is reasonable. Further, the court finds that the hourly rate charged by Wilder is reasonable and that his hourly rate is consistent with his experience in the practice of law. The total time reasonably billed for Wilder's services multiplied by the reasonable hourly rate of $170 equates to $5,814.

{¶ 19} The court agrees with Wilder and Hines that this case was novel and labor-intensive given the number of motions in this action to which the defendant was required to respond. Additionally, the time and labor required to defend against the plaintiffs' claim of malicious prosecution is consistent with the general amount of fees requested by Wilder.

{¶ 20} Wilder testified that he was precluded from representing other clients in unrelated matters due to his representation of himself and the law firm of Cuni, Ferguson & LeVay. The court finds that the firm, as Wilder's employer, was fully aware of the existence of this issue when Wilder began his representation in this case.

{¶ 21} Further, Hines indicated that the fee charged by Wilder in this case is commensurate with the fee customarily charged in the locality for the same or similar legal services. Further, the court finds that Wilder expended significant time and expense in obtaining summary judgment in this case. The court also finds that there were significant time limitations imposed by the bankruptcy court on Wilder in his attempt to recover attorney fees. These time limitations complicated the case in that Wilder was required to obtain a relief from the automatic stay and complete the case before April 1, 2008.

{¶ 22} Wilder testified that he has been licensed to practice in Ohio for nine years and has been with the firm of Cuni, Ferguson & LeVay for approximately five and one half years. He alleges that his client is Cuni, Ferguson & LeVay. The court notes that if in fact the firm is the defendant in this matter, Wilder has represented them since the plaintiffs' filing of the complaint in November 2006. Wilder testified that he charged the firm a fixed amount of $170 per hour throughout his representation.

{¶ 23} Based upon the factors set forth in Rule 1.5(A) of the Ohio Rules of Professional Conduct, the court finds that the fees requested by the defendant are reasonable in this matter. The court notes that the testimony indicated that Wilder and Mehrin Doolin appeared for the hearing at 12:30 p.m. in order to prepare; therefore, the attorneys are entitled to their reasonable fees from 12:30 p.m. until the hearing concluded at 3:00 p.m. The reasonable attorney fees to which the defendant is entitled are $5,814.00 for services through March 14, 2008, $425 for two and one half hours of services for Wilder's attendance at the hearing on reasonableness of attorney fees, and $425 for two and one half hours of services for Doolin's attendance at the hearing on reasonableness of attorney fees. The defendant is also entitled to $450 for the fee of Hines; therefore, the total reasonable amount due the defendant is $7,114.

### Mort Simpson

{¶ 24} Simpson presented the affidavit of his attorney, Stephen M. Gracey, on March 21, 2008, in support of his motion for reasonable attorney fees. In that affidavit, Gracey swore to the following statements. Gracey is an attorney licensed to practice law in the state of Ohio and has been in good standing with the Supreme Court of Ohio since 2003.[1] He is employed by Frost Brown Todd, L.L.C.[2] He is lead counsel for Simpson in the above-referenced action, with first-hand knowledge of the legal issues, claims, invoices, payments, court costs, and books and records associated with this action.[3] Simpson filed his counterclaim against the plaintiffs to quiet title on his residence after the plaintiffs placed a lien on the property.[4] The court granted summary judgment on Simpson's counterclaim to quiet title.[5] The total amount of fees, expenses, and costs

---

1. See the amended affidavit of Stephen M. Gracey in support of defendant Mort Simpson's motion for attorney's fees, expenses, and costs incurred in his counterclaim to quiet title, filed March 21, 2008, ¶ 1.

2. Id.

3. Id. at ¶ 2.

4. Id. at ¶ 3.

5. Id. at ¶ 4.

expended to date on obtaining summary judgment on this issue and removing the cloud from his title is $7,527.90, with the hourly rate charged being between $150 and $205, depending on the level and experience of the attorney working on Simpson's claim.[6] These fees have been paid by or on behalf of Simpson.[7] An itemized breakdown of the fees, expenses, and costs was attached as Exhibit A to the affidavit.[8] Gracey believes, based upon his knowledge and experience in the legal profession, and a review of the pertinent records in the case, that the fees, expenses, and costs incurred were reasonable and necessary in prosecuting and obtaining summary judgment on his counterclaim to quiet title and remove the cloud that was created by the bad-faith filing of an improper lien upon his residence by the plaintiffs, and in seeking attorney fees, expenses, and costs for the same.[9]

{¶ 25} Simpson also presented the testimony of local real estate attorney G. Perry Robert Hines in support of his motion for attorney fees. Hines testified that based upon a thorough review of the detailed time billings submitted by the defendant's attorneys at the firm of Frost Brown Todd, L.L.C., as well as the litigation file for this case, it was his opinion that the hours billed reasonably represent the services that were required by the attorneys in this action. He further testified that the hourly rate charged is commensurate with the attorneys' experience in the legal profession and the skills necessary for the counterclaim filed in this case. Hines also testified that the cost of his personal services is $225 per hour, with nine and one half hours billed. However, Hines capped his total fee at $900, to be divided equally between Wilder and Simpson.

{¶ 26} Gracey testified that he graduated from the University of Cincinnati College of Law in 2003 and has been licensed to practice law in the State of Ohio since November 2003. He began working for the firm of Frost Brown Todd, L.L.C. in November 2003, where he works in the litigation department. He testified that he has experience in real estate law and liens and has been involved in litigation pertaining to malicious prosecution and the removal of liens in the past. Gracey further testified that he found this case to be novel and difficult due to the numerous motions filed by the plaintiffs and due to the intervening bankruptcy action filed by the plaintiffs. He testified that he charged Simpson a fixed hourly rate of $180, which increased to $205 during the course of the proceedings, and that he bills on the tenths of the hour. Gracey testified that

6. Id. at ¶ 5–6.

7. Id. at ¶ 7.

8. Id. at ¶ 8.

9. Id. at ¶ 9.

these fees are consistent with the fees that other attorneys in the locality charge for similar services. Simpson is asking for $8,927.90 in total fees, which includes an additional amount of $950 incurred since March 12, 2008.[10]

{¶ 27} Attached to Gracey's affidavit is a breakdown of charges billed to Simpson. The court notes that there were three attorneys who performed work on this case: Gracey, whose hourly rates were $180 and $205, Ali Razzaghi, who hourly rate was $150, and Eliot G. Bastian, whose hourly rates were $185 and $200. The court further notes that Gracey provided only those fees charged as they related to Simpson's motion for summary judgment on counterclaim one, the action to quiet title, and not to those counterclaims upon which he was unsuccessful. In order to determine how much of the amount charged represented work performed only on Counterclaim One, Gracey divided the total amount charged for the work done prior to the court's decision of October 29, 2007 by three.[11]

{¶ 28} The court finds that the number of hours expended on the litigation were reasonable based upon the testimony of Hines and Gracey. Further, pursuant to the testimony of Hines and Gracey, the court finds that the hourly rates charged by the attorneys involved were reasonable. The court finds that each attorney's hourly rate is consistent with his or her experience in the practice of law. The court notes, however, that Gracey should have divided the total time expended on the counterclaims in this action by four rather than three since Simpson proceeded on four counterclaims. Therefore, the court finds that the total time reasonably billed for counterclaim one and the defendant's motion for reasonable attorney fees multiplied by the reasonable hourly rate of the attorneys that worked on those particular portions of the case, divided by four, equates to $6,321.23.

{¶ 29} The court must then take into account the factors contained in Rule 1.5(A) of the Ohio Rules of Professional Conduct. Both Hines and Gracey testified that this case contained novel and difficult legal issues relating to quieting title on the defendant's property, which was further complicated by the fact that the defendant was forced to obtain relief from an automatic stay issued pursuant to the plaintiffs' bankruptcy action. Further, the testimony of the

---

10. The court notes that Gracey testified that this amount includes fees for a hearing scheduled on March 24, 2008, which had to be rescheduled due to the failure of the court to notify the plaintiffs. Therefore, the court cannot award Simpson fees for Amy Combs and Stephen Gracey for that time, since the hearing did not occur. The court will award fees only for the hearing on March 28, 2008, and for any costs proven at the hearing.

11. Gracey believes that it is appropriate to divide by three since his claims for slander of title and fraudulent filing of a mechanic's lien are similar in nature. The court, however, believes that since there were four counterclaims filed, that it is more appropriate to divide the total amount charged prior to October 29, 2007, by four.

attorneys indicated to the court that the time and labor required for the prosecution of the defendant's action to quiet title is consistent with the total amount of time billed by the defendant's attorneys.

{¶ 30} The court further finds that pursuant to the testimony of Hines and Gracey, the fee customarily charged in the locality for similar legal services is consistent with the fees charged by each of Simpson's attorneys. Additionally, this case involved significant time and effort by the attorneys, who were successful on one of the defendant's counterclaims. This case was further complicated by the fact that the attorneys were forced to work under the time constraint imposed by the bankruptcy court, which gave the defendant until April 1, 2008, to resolve the action.

{¶ 31} The evidence indicates that Simpson and his attorneys were involved in an attorney-client relationship from the date the complaint was filed, November 20, 2006, with the work on his counterclaims beginning on January 17, 2007; therefore, the court finds that Simpson's fees are for more than a year of services. Additionally, Gracey testified that he has been engaged in the active practice of law for nearly four and one half years and has been involved in litigation of issues similar to those in this case.

{¶ 32} Gracey's affidavit and Exhibit A indicate that the total costs to Simpson for the proceedings on his action to quiet title and his action for reasonable attorney fees is $389.27. After reviewing the breakdown of charges, the court finds that the charges are reasonable and necessary to the litigation of this action. The court, therefore, finds that these costs are to be paid by the plaintiffs.

{¶ 33} Based upon the factors set forth in Rule 1.5(A) of the Ohio Rules of Professional Conduct, the court finds that the fees requested by the defendant are reasonable in this matter. The court notes that there was no testimony to indicate that Gracey and Amy Combs appeared for the hearing any earlier than the start time of 1:30 p.m. Further, there was no sworn testimony as to the hourly rate of Combs. Therefore, the court finds that Gracey is entitled to his reasonable fees from 1:30 p.m. until 3:00 p.m. The reasonable attorney fees to which the defendant is entitled are $6,321.23 for services through March 12, 2008, and $307.50 for one and one half hours of services for Gracey's attendance at the hearing on reasonableness of attorney fees. Simpson is also entitled to $389.27 in costs incurred through February 12, 2008, and $450 for the fee of Hines. The total reasonable award to Simpson is $7,468.

## CONCLUSION

{¶ 34} Based upon the foregoing analysis and the competent, credible evidence before the court, the court finds that the defendant, Cuni, Ferguson & LeVay, is entitled to $7,114 in reasonable attorney fees and costs.

{¶ 35} The court further finds that Simpson is entitled to $7,468 in reasonable attorney fees and costs.

{¶ 36} It is ordered that this decision shall serve as the judgment entry in this matter.

{¶ 37} It is further ordered that the court finds no just cause for delay.

Judgment accordingly.